## WILLIAM H. MARBLE *vs.* CYRUS CHAPIN.

Worcester.   Oct. 4, 1881. — Feb. 27, 1882.   LORD, W. ALLEN & C. ALLEN,
JJ., absent.

Slanderous words are actionable, although spoken, when no one else is present,
to a person who knows them to be false, and who does not repeat them until
after action brought.

TORT for slander.   The fourteenth count of the declaration,
which is the only count material to be stated, alleged that the
defendant publicly, falsely and maliciously accused the plaintiff
of the crime of adultery by words spoken of the plaintiff sub-
stantially as follows: "Mr. Marble has had intercourse with you,
(meaning a certain woman to whom said words were spoken by
the defendant, the said person so addressed by said defendant
being a married woman, and said Marble being an unmarried
man.)"   Trial in the Superior Court, before *Brigham*, C. J.,
who allowed a bill of exceptions, in substance as follows:

The only evidence to prove the substantive charge of the
fourteenth count was that of Mary Ann Cummings, who testi-
fied to a single conversation with the defendant, in which he
said to her, "What do you think of your minister?" meaning
the plaintiff.   "He has had intercourse with you, and I can
prove it, for your looks prove it."   It appeared that this con-
versation was had when no one was present except Cummings
and the defendant; she testified, on cross-examination, that she
never repeated it to any other person until after this action
was brought; and there was no evidence to contradict this
testimony.   It also appeared that Cummings was a married
woman and that the plaintiff was an unmarried man at the
time said words were uttered; and that both had been such
ever since they were acquainted.

The defendant asked the judge to rule that the statement
made to Mary Ann Cummings, that the plaintiff had had inter-
course with her, was not actionable under the allegations con-
tained in the fourteenth count, unless other parties were present
at the time.

The judge refused so to rule; the jury returned a verdict for
the plaintiff; and the defendant alleged exceptions.

*F. T. Blackmer & G. H. Ball*, for the defendant.

*F. P. Goulding & C. A. Merrill*, for the plaintiff.

MORTON, C. J. The defendant now relies only upon his exception to the refusal of the court to rule as requested by him, " that the statement made to Mary Ann Cummings, that the plaintiff had had intercourse with her, was not actionable under the allegations contained in the fourteenth count, unless other parties were present at the time."

His argument in support of this exception is, that, as Mary Ann Cummings knew that the charge was false, the plaintiff's reputation could not have been injured with her; and, as she never repeated the slander until after this action was brought, it could not have been injured with others.

The evidence proved not only the utterance of the defamatory words, but also that they were spoken maliciously. Their utterance to Mrs. Cummings was a publication which entitles the plaintiff to maintain an action, and the question of damages is within the province of the jury. No one can say with certainty that the charge may not have had the effect on the mind of Mrs. Cummings to injure the plaintiff, though she knew that it was untrue in its details, so far as it charged her with being an accomplice. Besides, the injury to the character of the plaintiff is not the sole element of damage. The jury have the right to consider the mental suffering of the plaintiff, up to the time of the trial, caused by the publication of these slanderous words. *Markham* v. *Russell*, 12 Allen, 573. 2 Greenl. Ev. § 267.

The case of *Sheffill* v. *Van Deusen*, 13 Gray, 304, presented a different question. There it was held that uttering slanderous words to the plaintiff himself, no one else being present, was not a publication, so that the plaintiff had no cause of action. In the case at bar, the malicious publication was proved, and the question as to the damages caused by it was properly left to the jury. *Exceptions overruled.*