### JOHN SMIDDY *vs.* HARRIS PEARLSTEIN.

Suffolk.    December 10, 1908. — February 26, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Libel and Slander.*

In order to recover in an action of tort for slander, in which the plaintiff alleges that the defendant said of him in the presence of others that he was a "thief and a robber," it is not necessary for the plaintiff to prove that the persons before whom such words were spoken believed them to be true, the plaintiff being entitled to recover for his mental suffering as well as for the injury to his reputation.

TORT in several counts for slander alleged to have been uttered by the defendant concerning the plaintiff by the use of the words " You are a thief and a robber." Writ in the Superior Court for the county of Suffolk dated March 20, 1899.

At the trial before *Sherman,* J., the plaintiff offered evidence in support of the allegations in the declaration. At the close of

the evidence, the defendant requested the following rulings, among others:

"1. Upon all the evidence the plaintiff is not entitled to recover."

"3. Upon all the evidence it does not appear that any one believed the words alleged to have been spoken of the plaintiff by the defendant in the office of A. Gove & Sons, even if the words were in fact uttered, and the plaintiff is not entitled to recover upon the first and second counts of the declaration."

"8. If the jury shall find that the words, even if spoken by the defendant as alleged by the plaintiff, were not in fact believed by the persons to whom they were spoken, the plaintiff is not entitled to recover.

"9. Unless the words alleged to have been uttered by the defendant were in fact spoken by him and in such a public way that the general reputation of the plaintiff was thereby affected to his damage, he cannot recover in this action."

The requests were refused, the jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. W. Allen*, for the defendant.

*J. E. Cotter & D. Benshimol*, for the plaintiff, submitted a brief.

HAMMOND, J.   The evidence as to whether any one but the plaintiff was present at the times and places respectively named in the second, fourth, fifth and sixth requests was conflicting, and warranted a finding in each case for the plaintiff.   Hence those requests were properly refused.

It is not essential to the plaintiff's case that the persons who heard the charges should have believed them to be true.   The injury to the reputation is not the sole element of damage, especially where, as in this case, the charge is one of crime.   The jury have the right to consider the mental suffering of the plaintiff.   *Marble* v. *Chapin*, 132 Mass. 225, and authorities there cited.   *Bishop* v. *Journal Newspaper Co.* 168 Mass. 327.   Hence the third, eighth and ninth requests were properly refused.

The subject matter of the tenth was sufficiently and correctly covered in the charge.

There was evidence that the words were uttered by the defendant as charged in the last eight counts of the declaration;

that they were so uttered in the presence of people who heard them and understood them; and that the plaintiff suffered thereby. And there was no evidence of privilege or justification. The first request, which was that upon all the evidence the plaintiff was not entitled to recover, was therefore rightly refused.

*Judgment on the verdict.*