FOFO LOUKA *vs.* PARK ENTERTAINMENTS, INC.

Suffolk. March 3, 1936. — April 6, 1936.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Libel and Slander. Practice, Civil,* Specifications; Interrogatories. *Damages,* For tort. *Evidence,* Conflicting statements of witness.

Display by the proprietor at the entrance of a burlesque theatre of the picture of an actress of tragedy and other types of drama, who was not employed by him and was not acting in his theatre nor acting in burlesque, the picture portraying her as fully dressed and being at

the top of and apparently a part of a group of pictures of scantily dressed women described as "Oriental Beauties," warranted a finding for the plaintiff in an action by the actress against the proprietor of the theatre for libel.

That the plaintiff in the action for libel above described was injured in her profession, though not a fact necessary to the maintenance of the action, properly could be considered.

A finding, in the action above described, that a libellous publication of the plaintiff's picture was made "of and concerning" the plaintiff, was warranted though the defendant did not know the plaintiff.

Although a general statement, by a plaintiff in an action of tort for libel in answer to a motion for specification of members of the general public with whom his reputation had been damaged, of "numerous . . . people whose names . . . at present" he could not ascertain, was struck out from the specification by order of the court, it was proper not to limit the plaintiff at the trial to proof of loss of reputation with persons who were definitely named in the specification, the order striking out the general statement having been error, and the plaintiff having a right to recover all damages which fairly could be inferred to have resulted from the extent of publication proved.

Although a plaintiff in an action for libel, in answering defendant's interrogatories calling for a full statement of his damages, omitted to mention injury to his feelings, and in cross-examination at the trial stated that his answers were true, he was not precluded from proving injury to his feelings; there was not in the cross-examination a final election to stand upon one of two inconsistent statements.

TORT. Writ in the Municipal Court of the City of Boston dated June 29, 1934.

The action was heard in the Municipal Court by *Carr*, J., who found for the plaintiff in the sum of $2,688.75. A report to the Appellate Division was ordered dismissed. The defendant appealed.

*C. W. Spencer*, for the defendant.

*H. J. Booras*, (*J. A. Edgerly* with him,) for the plaintiff.

QUA, J. This is an action of tort for libel.

The plaintiff is an actress who, according to her testimony, received her training in Athens, Greece, where she lived and where she played leading parts, including Iphigenia and Electra. After coming to this country she played in tragedy, drama, melodrama and operetta, but she was unacquainted with burlesque. The defendant was the proprietor of a burlesque theatre in Boston.

There was evidence that tragedy is the highest type of dramatization and that the tragedian is the highest type of

the actor's profession; but that burlesque is not art and is not acting; that it is "a place to display good looking girls in unappropriate dress, sometimes in nudeness"; that burlesque "means scanty costumes for the chorus, very scanty"; that the plaintiff "had in Boston an artistic reputation of the best"; and that she was "one of the leading Greek actresses in America." It is not for us to pass upon the accuracy of any of this evidence.

The findings of the judge as to the publication of the alleged libel, which were supported by evidence, may be summarized as follows: The defendant maintained at the entrance to its theatre a public display of pictures of performers in its shows for the purpose of calling attention to the performances in its theatre. On the occasion complained of a picture of the plaintiff fully clothed appeared at the top of this display. Grouped below were pictures of numerous other women, scantily dressed. Across the display were the words "Oriental Beauties" and below these the words "Minsky's Midsummer Follies." The plaintiff was not employed by the defendant and was not performing in its theatre and was not acting in burlesque.

The judge made the following further special findings: "I find that the inference the observer would draw from this display was that the women whose pictures there appeared, including the plaintiff, were actresses in the defendant's burlesque shows and in the play there advertised. I find that that was the defendant's purpose in maintaining the display.

"Regarding the plaintiff merely as a woman and not as an actress of tragedy and the better class of plays, I find that this display, with the inferences to be drawn therefrom, would expose her to ridicule and contempt. Regarding her as an actress of tragedy and the better class of plays, I find that this display would also injure her in her profession, trade or occupation."

There was a general finding for the plaintiff.

The inferential findings hereinbefore quoted were justified. They in turn support the ultimate finding for the plaintiff. In view of the evidence which was in the case as to the nature

of so called burlesque shows the judge could find that many people would regard a woman who performed in them as lacking a sense of delicacy and modesty, and that the display of the plaintiff's picture under the circumstances disclosed tended to bring her into contempt and to injure her reputation. This together with the falsity of the implied representation that the plaintiff was playing in burlesque was enough to maintain the action. *Miller* v. *Butler,* 6 Cush. 71. *Twombly* v. *Monroe,* 136 Mass. 464. *Haynes* v. *Clinton Printing Co.* 169 Mass. 512. *Merrill* v. *Post Publishing Co.* 197 Mass. 185. *Brown* v. *Harrington,* 208 Mass. 600. *Riceman* v. *Union Indemnity Co.* 278 Mass. 149. *Lyman* v. *New England Newspaper Publishing Co.* 286 Mass. 258. *Peck* v. *Tribune Co.* 214 U. S. 185. The fact also found by the judge that the plaintiff was injured in her profession as an actress, although not a necessary element in this action for libel as distinguished from slander, *Dow* v. *Long,* 190 Mass. 138; *Craig* v. *Proctor,* 229 Mass. 339, 340, was a factor proper to be considered in the case. *Bishop* v. *Journal Newspaper Co.* 168 Mass. 327, 331. *Morgan* v. *Republican Publishing Co.* 249 Mass. 388, 391.

It is plain that the publication could be found to have been made of and concerning the plaintiff even if the defendant knew nothing about the plaintiff. The use of her picture shows that. There is nothing to the contrary in *Hanson* v. *Globe Newspaper Co.* 159 Mass. 293.

Before the trial the plaintiff, in response to a motion for specifications filed by the defendant, had specified as members of the general public with whom the plaintiff's reputation had been damaged certain named persons and had added after the names, "also numerous other people whose names and addresses at present the plaintiff cannot ascertain." On motion of the defendant the words quoted had been ordered expunged. At the trial the defendant contended that damages for injury to the plaintiff's reputation should be limited to compensation for her loss of reputation in the eyes of the persons named and should not include damages for loss of reputation generally. The answer to this contention is that the defendant's motion

to expunge should not have been allowed. The effect of allowing it was to limit the plaintiff to the designation of particular persons with whom her reputation had been damaged, whereas she had a right to go to trial for the recovery of all damages which could fairly be inferred to have resulted from the extent of publication proved. *Markham* v. *Russell*, 12 Allen, 573. *Marble* v. *Chapin*, 132 Mass. 225. *Smiddy* v. *Pearlstein*, 201 Mass. 246./ Specifications, useful as they may be in clearly defining the issues, cannot be required to the point of making it impossible for a party to present his case or his defence in a manner in which he has a legal right to present it. / *Powers* v. *Bergman*, 197 Mass. 39. *McDonough* v. *Boston Elevated Railway*, 208 Mass. 436. *Gilchrist* v. *Boston Elevated Railway*, 272 Mass. 346. Whatever may have been the technical situation at the trial, it is now apparent that the case has been fully heard and decided upon correct principles of law. The defendant is not aggrieved. *Freeman* v. *Robinson*, 238 Mass. 449. *Slocum* v. *Natural Products Co.* 292 Mass. 455, 458.

The facts that the plaintiff in answer to interrogatories requesting her to state fully her damages did not mention injury to her feelings and that on cross-examination she stated that her answers were true did not preclude her from claiming damages for injury to her feelings. This was not a final election to stand upon one of two inconsistent statements. *Martin* v. *Boston Elevated Railway*, 262 Mass. 542.

*Order dismissing report affirmed.*