**AUTOMATIC RADIO MFG. CO., Inc., v. NATIONAL CARBON CO., Inc.**

**No. 638.**

District Court, D. Massachusetts.

Oct. 28, 1940.

Max Marks and Austin M. Pinkham, both of Boston, Mass., for plaintiff.

John J. Burns, John F. Rich, and Gerald May, all of Boston, Mass., for defendant.

McLELLAN, District Judge.

The defendant moves to strike a portion of a bill of particulars heretofore filed by the plaintiff pursuant to a court order. 35 F. Supp. 454. The defendant's motion also asks for a supplemental bill of particulars. The first thing which defendant asks to have stricken from the bill of particulars is paragraph F thereof which reads: "In addition to the above, there are a great number of other persons or firms which the plaintiff cannot at this time name to whom at least 10,000 radio receiving sets would have been sold at a gross profit of $3.00 per set to the plaintiff."

Precisely the same question is involved in that portion of defendant's motion asking that a portion of paragraph E of the

bill of particulars be struck relying in part on Louka v. Park Entertainment Inc., 294 Mass. 268, 1 N.E.2d 41. The plaintiff argues that the motion to strike paragraph F and a portion of paragraph E should be denied.

The Louka case was an action for libel and slander and seems to me distinguishable from the case at bar. I am not prepared, however, to strike the portions of the bill of particulars above referred to from the bill of particulars in their entirety but if a bill of particulars in a case of this kind is to accomplish anything some relief should be afforded the defendant.

The plaintiff should be able and be called upon to furnish the defendant before the trial and by way of particulars with the identity of the persons to whom its radio receiving sets would have been sold but for the defendant's misconduct.

This is to be done at least ten days before trial and in order to accomplish this the trial unless hereafter otherwise ordered is to be had only after the expiration of ten days succeeding the plaintiff's compliance with this order.

A failure reasonably to comply with this order will be deemed sufficient basis for an application by the defendant to strike from the bill of particulars in their entirety paragraph F and that portion of paragraph E to which I have referred.

The defendant's motion to strike allegations in C.I. and P. to the effect that "The entire publication as a whole is false" is denied.

As to that part of the defendant's motion numbered 2 seeking a supplemental bill of particulars the discussion between counsel and the court seems to me to indicate the futility of an attempt now to indicate the specific relief to which the defendant is entitled. The parties are represented by counsel whose ability no one questions and the plaintiff will I think, upon reflection, deem it fair in filing a supplemental bill of particulars to give to the defendant more specific information than is afforded by the original bill of particulars.

The order is that a supplemental bill of particulars be filed and in the event that the defendant feels that the supplemental bill does not give that to which it is entitled the defendant will be afforded another opportunity to be heard.

This supplemental bill of particulars is to be filed ·in or within thirty days and the time in which the defendant should serve the plaintiff with a copy of the answer or further motions is enlarged to twenty days after the date on which the plaintiff serves the defendant with a copy of such supplemental bill of particulars.