## Hoffman, Appellant, *v.* Hibbs.

Submitted March 24, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*George M. Bobrin,* and *Bobrin and Land,* for appellant.

*John J. O'Brien, Jr.,* for appellee.

OPINION BY JACOBS, J., September 22, 1975:

In this appeal we must determine whether the lower court properly entered judgment on the pleadings against appellant on the basis of the statute of limitations.

The present lawsuit was commenced on June 17, 1970, when appellant, Sigmund Hoffman, filed a complaint in trespass. The complaint alleged that on October 11, 1968, the defendant represented himself as Sigmund Hoffman and used the name Sigmund Hoffman while dealing with a Mr. and Mrs. Lewis who were insured by the company which employed appellant. Because of defendant's alleged outrageous behavior, Mr. Lewis's heart condition was aggravated and suit was commenced by the Lewises against appellant's company naming appellant as the representative responsible for the injury. The Philadelphia Inquirer also published a ruling by the judge handling the case which named appellant as the representative who caused the injury. Appellant alleged that because of defendant's unauthorized representation of himself as appellant and use of appellant's name, appellant suffered injury to his name and reputation and has been disgraced and exposed to contempt and ridicule causing him grievous physical and mental suffering.

On January 11, 1971, appellant's counsel filed with the court a petition for major case listing in which the action was entitled one in "Defamation."[1] Defendant thereafter filed an amended answer stating in new matter that the one-year statute of limitations for defamation[2] had expired prior to the commencement of appellant's action.

The court below, per Judge SPORKIN, granted judgment on the pleadings in favor of the defendant on the basis of the statute of limitations. However, on October 5, 1972, Judge SPORKIN vacated that judgment and on May 18, 1973, entered on order allowing appellant to

---

1. Other pleadings, irrelevant to the instant issue, will not be discussed in this opinion. This was the only reference to "defamation," the complaint not having been so captioned.

2. Act of March 27, 1713, 1 Sm.L. 76, §1, 12 P.S. §31.

amend his complaint to change the form of action from *defamation* to *invasion of privacy,* for which the statute of limitations is two years.[3]

Appellant consequently filed on May 29, 1973, an amended complaint entitling the pleading: "AMENDED COMPLAINT IN TRESPASS (Action in Invasion of Privacy)". The amended complaint contained the same factual averments found in the original complaint but in paragraph 10 appellant claimed in addition to other injuries that his "right to privacy was wrongfully invaded." Defendant subsequently filed another answer alleging in new matter that the two-year statute of limitations for invasion of privacy had elapsed prior to the filing of the amended complaint. Judgment on the pleadings was again requested by defendant. On September 4, 1974, judgment on the pleadings was entered against appellant by Judge HIRSH on the sole ground that the statute of limitations had run on the action of invasion of privacy prior to the filing of the amended complaint. This appeal followed.

We must reverse the judgment entered by Judge HIRSH against appellant because we agree with appellant that the amended complaint did not allege a new cause of action after the running of the statute of limitations but merely amplified the theory of recovery set forth in the original complaint.

Our Supreme Court has observed: "Amendments to pleadings are freely allowed under our rules of civil procedure, but this liberality is subject to the qualification that an amendment may not introduce a new cause of action after the statute of limitations has run its course." *Kuisis v. Baldwin-Lima-Hamilton Corp.,* 457 Pa. 321, 325, 319 A.2d 914, 918 (1974) (footnote omitted). In *Kuisis,* the Supreme Court allowed the plaintiff to amend his

---

3. *Hull v. The Curtis Publishing Co.,* 182 Pa. Superior Ct. 86, 125 A.2d 644 (1956).

complaint, which originally was based on negligence, to allege a theory of strict liability under §402A of the Restatement Second of Torts, after the running of the statute of limitations. After first noting the difficulty involved in defining "cause of action," the Supreme Court stated that "it is of no moment that the theories of negligence and strict liability may be subject to different defenses and require different measures of proof. Assuming arguendo that two different causes of action are involved here, for purposes of the statute of limitations, *both* were stated in the original complaint." *Id.* at 326, 319 A.2d at 918 (emphasis original).

One commentator has noted: "Amendments which merely restate in a more distinct form the grounds set forth originally as the basis of the plaintiff's cause of action . . . or merely vary the cause of action, as originally stated, so that the subject matter remains the same, may be made at any time, even after the statute of limitations has run on the claim sued for." 3 Standard Pennsylvania Practice 711 (1952).

In the case before us, the original complaint was merely captioned as an action in trespass. The amended complaint only added the specific theory of invasion of privacy to the facts and injuries previously described. While the theories of defamation and invasion of privacy require different proofs, the facts set forth in the original complaint and reiterated in the amended complaint support, as they did in *Kuisis,* both forms of action. We see no prejudice resulting to the defendant by permitting appellant to change his theory from one in defamation to one in invasion of privacy after the running of the two-year statutory period so long as there was no change in the factual averments.

Judgment reversed.

WATKINS, P.J., dissents.