## Henry v. Gimbels

*Allen L. Feingold*, for plaintiffs.
*Joseph F. Van Horn, Jr.*, for defendant.

FORER, *J.*, February 21, 1978—Plaintiffs petition for leave to amend their complaint after the period of the statute of limitations had expired. The complaint alleged that on or about August 5, 1974, wife plaintiff was injured at Gimbels store when she tripped over debris.

Thereafter depositions were taken and it was learned that this was not a trip and fall case but that plaintiff was knocked down by a moving cart which was being pushed by one of defendant's employes and that she then stumbled on debris on the premises.

The date, the time, and the place of the alleged accident are the same. The parties are the same. The damages are the same. Defendant is charged with negligence of its employes either in leaving debris and/or in pushing the cart. Defendant would not be prejudiced by the amendment of the complaint since it has already proceeded with discovery.

The sole question before this court is whether the amendment states a "new cause of action" which is barred by the statute of limitations. The thrust and purpose of code pleading and the Rules of Civil Procedure has been to simplify pleading and to avoid technicalities. See 3 Goodrich-Amram §1 et seq. Amendments may be made at any time including after appeal. The only bar is the statute of limitations. See Act of June 21, 1937, P.L. 1982, as amended March 30, 1939, P.L. 14, 17 P.S. §61.

The phrase "cause of action" did not become a term of art until the adoption of code pleading. See Clark, The Code Cause of Action, 33 Yale L.J. 817 (1924). Hence, one finds little assistance in early cases.

The Hohfeldian definition of a cause of action as being one of jural relationship is undoubtedly too broad to be helpful in resolving this question. In the case at bar the rights and duties vis-à-vis plaintiffs and defendants are the same under either the original complaint or the proposed amendment. This is obviously true in most cases unless there is a change in the parties or a change from contract to trespass or the reverse. Amendments to permit a change in parties: Miller v. Miller, 60 D. & C. 2d 687 (1973); Donahue v. Exner, 56 D. & C. 2d 301 (1971); Cheza v. Repas, 50 D. & C. 2d 158 (1970); Knier v. Pletz, 9 Lebanon 237 (1963); and an addition of a new count or counts after the statute of limitations has run: Webb v. Zern, 422 Pa. 424, 220 A. 2d 853 (1966); Soley v. Nelson, 12 D. & C. 2d 90 (1957); Walford v. Chambersburg Oil and Gas Co., 88 D. & C. 456 (1951); have been permitted.

Pomeroy's definition is narrower. "Of these elements, the primary right and duty and the delict or wrong combined constitute the cause of action."

Pomeroy, Code Remedies (4th Ed. 1904) §347. This still leaves the question of the nature of the "delict" undefined. In the case at bar, is it the obstruction or the negligent pushing of the cart?

The "operative facts" test is equally delusive. See U.S. v. Memphis Cotton Oil Co., 288 U.S. 62 (1933). Nor is Wheaton's test, "arising out of the same transaction" helpful in the case at bar although it may be useful in other situations. See Wheaton, The Code "Cause of Action": Its Definition, 22 Cornell L.Q. 1 (1936).

Pennsylvania has not adopted notice pleading which prevails in the Federal courts. See Wright, Modern Pleading and the Pennsylvania Rules, 101 U. of Pa. L. Rev. 909 (1953). Under the rules, fact pleading is required: Pa.R.C.P. 1019(a) "The material facts on which a cause of action or defense is based shall be stated in a concise and summary form."

This issue has been before the courts of Pennsylvania innumerable times. The approved tests to be applied in deciding whether a new or different cause of action is presented by an amended complaint are four: Would a judgment in the original case bar any further action in the amended complaint? Does the same measure of damages support both? Is the same defense and the same measure of proof required? Shenandoah Boro. v. Philadelphia, 367 Pa. 180, 79 A. 2d 433 (1951). This test has been repeated by every court passing upon the question but with varying results. The wavering line of authority from 1901 to 1966 has been traced in the excellent opinion in Kisilinsky v. Peoples Cab Co., 115 Pitts. L. J. 344 (1967). There is no need to report the holdings in the cases cited therein. No clear rationale can be deduced from these opinions.

Guidance is to be found in a 1938 opinion of the United States Supreme Court in a New Jersey case: Maty v. Grasselli Chemical Co., 303 U.S. 197 (1938). The original complaint alleged that plaintiff was injured while employed at defendant's plant in the silicate department. The amendment, filed after the running of the statute, alleged that he was also employed in two other departments of defendant's plant. Judgment was set aside on the grounds that the amendment stated a new cause of action and was barred. The United States Supreme Court reversed, holding that the amended complaint states the same wrong as the original complaint "more fully and differently laid." The court then declared at p. 200: "Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end."

In two recent opinions, the Pennsylvania Supreme Court appears to have adopted, at least implicitly, this liberal approach. In Catanese v. Scirica, 437 Pa. 519, 263 A. 2d 372 (1970), the court quoted with approval from Baltimore Steamship Co. v. Philips, 274 U.S. 316, 321 (1927), as follows: "A cause of action does not consist of facts but of the unlawful violation of a right which the facts show. The number and variety of the facts alleged do not establish more than one cause of action so long as their result, whether they be considered severally or in combination, is the violation of but one right by a single legal wrong . . . 'The facts are merely the means, and not the end. They do not constitute the cause of action, but they show its existence by making the wrong appear.'" In Kuisis v. Baldwin-Lima-Hamilton Corp., 457 Pa. 321, 319 A. 2d 914

(1974), plaintiff was injured by a load of steel pipe which fell on him when the brake-locking mechanism on the crane holding the pipes became disengaged. After the statute of limitations expired plaintiff amended his complaint to bring his action under section 402A of Restatement, 2d, Torts. The Supreme Court held that the amendment to add a claim of strict liability should be allowed, holding that it is the "defect" which constitutes the cause of action.

In the case at bar, the complaint alleges that plaintiff stumbled when she "slipped on debris and/or defect." The amended complaint alleges in paragraph three that plaintiff stumbled and fell by reason of debris and/or defect when "her path was altered by an obstruction in the form of a moving cart which contacted plaintiff." The "defect" or "delict" alleged in the complaint is the "carelessness, recklessness and negligence of defendant, through its agents, servants and/or employees" and consisted of the following:

"The aforesaid accident was caused by the carelessness, recklessness and negligence of defendant, through its agents, servants and/or employees, and consisted of the following:

"(a) Carelessly and negligently allowing and permitting said debris, foreign matter, obstruction and/or defect to be and remain on premises;

"(b) Said debris, foreign matter, obstruction and/or defect did exist on August 5, 1974 and for some time prior thereto;

"(c) The defendant has or should have had knowledge or notice of the existence of said debris, foreign matter, obstruction and/or defect which existed on said premises;

"(d) Failure to notify and warn plaintiff of the existence of said debris, foreign matter, obstruction and/or defect;

"(e) Failing to provide proper and adequate lighting around and about said debris, foreign matter, obstruction and/or defect;

"(f) Violation of the Ordinance of the City of Philadelphia and Statutes of the Commonwealth of Pennsylvania;

"(g) Otherwise failing to exercise due care under the circumstances."

In the amended complaint the delict alleged is identical with respect to paragraph four (a), (b), (c), (d), (e), (f) and (g). The amended complaint adds that defendant was negligent in "[f]ailing to have due regard for the point and position of plaintiff; [f]ailing to keep a proper lookout while moving said cart; [f]ailing to have said cart under proper and adequate control under the circumstances."

The court concludes that, reduced to its essence, the gravamen of the complaint is negligence of defendant through its agents and employes.

Pa.R.C.P. 127 clearly states guidelines as to construction. Subsection (c) of the rules mandates consideration, inter alia, of (4) "the object to be attained," and (8) "the practice followed under the rule." The object of the rules was simplification of pleading and the elimination of archaic barriers to the resolution of issues on the merits. The practice followed under the rule is unclear. However, the most recent decisions of the Pennsylvania Supreme Court: Catanese v. Scirica, supra; and Kuisis v. Baldwin-Lima-Hamilton, supra, indicate that "cause of action" shall be broadly construed. See

also, Hoffman v. Hibbs, 235 Pa. Superior Ct. 470, 344 A. 2d 546 (1975). Accordingly, the court concludes that the amended complaint does not state a new cause of action.

Motion for leave to amend the complaint is granted.