## Heiken v. Morgan Hill Manufacturing Company, Inc.

*Jay N. Abramowitch,* for plaintiff.
*David H. Roland* and *Walter S. Frankowski, Jr.,* for defendants.

SAYLOR, *J.,* April 13, 1981—Plaintiff, Abraham Heiken, filed an amended complaint in the above-captioned action[1] and defendant, Morgan Hill Manufacturing Co., Inc., (corporation), petitioned this court to strike the amendment. It is this petition that is now before us. Because of the unusual procedure by which the petition comes before us, we believe it would be helpful to review the procedural history of this case.

Plaintiff instituted this action by a summons in trespass and assumpsit filed December 31, 1975. A complaint was filed on August 13, 1976. Defendant corporation filed a motion for summary judgment on March 14, 1978, and on July 3, 1978, after argument was held, the motion was denied. The parties filed a certificate of readiness for trial on March 31, 1980, and the action was certified for trial on September 22, 1980 following a pre-trial conference with the court. The matter was called for trial on November 13, 1980 before the Honorable Warren K. Hess, Senior Law Judge of the Common Pleas Court of Berks County.

At the time of the trial, November 13, 1980, plaintiff's counsel orally requested, on the record, leave to amend the complaint and strike the matter from the trial list. In the words of plaintiff's counsel, the purpose of the proposed amendment was, "to more specifically set forth the theory of implied contract. The specific portions of the complaint are paragraphs 9 and 12."[2] Plaintiff's counsel pointed out

1. By stipulation of the parties, A. Samuel Gittlin and S. Robert Gittlin were withdrawn as defendants in the action.

2. Notes of Proceedings of November 13, 1980 [N.P.] at p. 2.

that the statute of limitations concerning the allegations plaintiff wished to add was to expire that very night. Plaintiff's counsel, therefore, requested that Judge Hess forego the normal procedure of requiring the amending party to present a rule to show cause why the amendment should not be allowed and simply allow plaintiff to present the amendments.

Defendant corporation opposed the request to amend the complaint on the grounds that plaintiff had numerous opportunities to amend prior to the time of trial and failed to do so.

Judge Hess determined that plaintiff should be allowed to amend the complaint as of November 13, 1980 in order to toll the statute of limitations and further allowed plaintiff 30 days to file the amended pleading in written form.[3] In fairness to defendants, in view of the absence of the issuance of a rule to show cause why the amendment should not be allowed, Judge Hess specifically granted defendants the right to file appropriate motions to strike the amendment.

After plaintiff filed his amended complaint, defendant corporation filed a document entitled "Preliminary Objections in the Nature of a Petition for a

---

3. Specifically, Judge Hess ruled that,

"[I]n the interest of justice and fairness, and as I understand the rules, in view of the fact that there has been an application for an amendment, we should grant that application forthwith, recognizing that the application made on the record merely indicates the general areas of amendment, and that, in the interest of fairness to all parties, it would be preferable to have in detail amendments filed in the pleadings so that everybody is protected, and that if answers to the pleadings are required they will raise the issue squarely, especially in view of the fact that one broad interpretation of the complaint might indicate that even as is now pleaded, the plaintiff would have a right to go ahead on that theory."

Rule upon Plaintiff to Show Cause Why His Amended Complaint Should Not Be Stricken."[4] A rule was issued and the argument was held before the undersigned on March 2, 1981.

Plaintiff's original complaint states the following allegations. In 1971 plaintiff entered into an employment contract with Castlerock Knitwear, Inc. At a date unknown to plaintiff, Castlerock Knitwear, Inc. transferred and assigned plaintiff's employment contract to the Morgan Hill Manufacturing Co., Inc., a partnership consisting of Lester C. Laufbahn and Ivan Gordon. The employment contract was then assumed by defendant corporation on August 13, 1973 by and through the corporation's agent, A. Samuel Gittlin. During June, 1974 plaintiff delivered to corporation a copy of the employment contract and the corporation, through A. Samuel Gittlin, again agreed to assume all of the obligations of the employment contract in consideration of plaintiff's continuing his employment with the corporation. On November 14, 1974 the corporation terminated plaintiff's employment. Under the terms of the employment contract plaintiff's employment was to have continued until March 31, 1976 at a salary of $400 per week. Additionally, plaintiff was to have received 25 percent of the net profits earned by his employer. Plaintiff requests damages for loss of salary and demands an accounting of the corporation's gains and profits so that plaintiff may have judgment against the corporation for the amount shown to be due him by the accounting.

Count two of the original complaint, titled "Abra-

---

4. Although entitled a preliminary objection, we determine this petition to be the pleading specially authorized by Judge Hess on the record November 13, 1980.

ham Heiken v. Lester C. Laufbahn and Ivan Gordon, individually and trading as Morgan Hill Co., a Pennsylvania Partnership," alleges that the two named individuals, trading as Morgan Hill Co., breached the employment contract by terminating plaintiff's employment without cause or reason. Plaintiff requests damages for loss of salary and an accounting of the net profits of the corporation, as successor to the individuals trading as Morgan Hill Co., on the grounds that plaintiff was entitled under the terms of his employment contract to 25 percent of net profits of the corporation.

Count three of the original complaint sounds in trespass against Laufbahn and Gordon, individually and trading as Morgan Hill Co. Plaintiff alleges above defendants knowingly, falsely and fraudulently, with intent to deceive, misrepresented information or failed to disclose information concerning the terms of plaintiff's employment contract or its existence to agents of their successors, the corporation. As a result of the misrepresentation and reliance thereon, plaintiff was induced to believe the corporation had full knowledge of the employment contract and its contents, and the corporation was induced to believe the contract did not exist. The corporation has denied the existence of the contract and has refused to fulfill its duties and obligations thereunder. Plaintiff requests damages for loss of salary and, again, demands an accounting of the gains and losses of the corporation as successor in interest to Laufbahn and Gordon, individually and trading as Morgan Hill Co.

Plaintiff amended the original complaint in numerous respects. Principally, one paragraph of count one was amended and an additional count, count two of the amended complaint, was added.

Defendant corporation in its petition requests the court to strike these two alterations.

Before we proceed to a review of the merits of defendant corporation's petition, we wish to call to the parties' attention the following facts: Judge Hess afforded plaintiff the opportunity to file his amendments in written form. Plaintiff has used the opportunity to file his amendments in written form. Plaintiff has used the opportunity to rewrite the original complaint beyond his stated purpose of altering the original complaint to more fully set forth the theory of implied contract. Briefly noted, plaintiff deleted certain averments contained in counts one, two and three of the original complaint;[5] plaintiff added averments of fact to certain paragraphs of count one of the amended complaint[6] and plaintiff altered the amount of damages that had been stated throughout the original complaint.[7] Defendant corporation in its petition to strike the amended complaint fails to refer to any of the noted alterations. We must assume that defendant corporation was aware of the noted alterations and has no objections to them. Although they may be beyond the scope of amendments Judge Hess intended to permit, we will, with some reluctance, allow the noted alterations to stand and concentrate our ruling solely on those portions of the amended complaint to which defendant corporation objects.

Paragraph 9 of count one of the original complaint reads as follows: 9. On or about August 13, 1973 said Agreement was assumed by "Corporation" by and through A. Samuel Gittlin, its agent.

---

5. Paragraphs 25, 26, 27, 28 and 37 of the original complaint.

6. Paragraphs 12, 13 and 14 of the amended complaint.

7. Paragraphs 16, 23, 24 and 36 of the original complaint.

The amended complaint adds to the above paragraph the averments that the agreement in question was not only assumed by defendant corporation but was also ratified and adopted. Paragraph 9 as amended states: 9. On or about August 13, 1973, the said Agreement was assumed, ratified and adopted by defendant, Morgan Hill Manufacturing Co., Inc., expressly by and through its duly authorized agent and servant, Samuel Gittlin, who at all times material hereto was acting within the scope and course of his authority for defendant, "Corporation."

New count two, consisting of paragraphs 19 through 23 of the amended complaint, adds allegations of liability against corporation[8] for implied contract on the theory of estoppel. Count two of the amended complaint reads as follows:

19. Plaintiff incorporates hereby by reference the allegations of paragraphs 1 through 8 inclusive, and paragraphs 11 through 18, inclusive of plaintiff's complaint.

20. On or about August 13, 1973 plaintiff began his employment with defendant corporation strictly in accordance with the terms and conditions of Exhibit "A" in a good and workmanlike manner.

21. On or about June 1, 1974, plaintiff delivered to Robert Gittlin, a duly authorized agent and servant of defendant corporation, who, at all times material hereto, was acting within the scope and course of his authority, a copy of the said Agreement marked Exhibit "A".

---

8. Count two of the amended complaint is erroneously labeled "Abraham Heiken v. Lester C. Laufbahn and Ivan Gordon, Individually and trading as Morgan Hill Co., a Pennsylvania Partnership (Assumpsit) (Implied Contract Estoppel) (Alternate Theory)." Plaintiff intended the count to be titled "Abraham Heiken v. Morgan Hill Manufacturing Co., Inc."

22. On or about August 13, 1973, by reason of the aforesaid receipt of defendant corporation of the said Agreement and its subsequent inaction, an implied contract of identical terms to the said agreement arose between plaintiff and defendant.

23. That by reason of the aforesaid allegations and due to plaintiff's injurious reliance upon defendant's inaction after receipt of said agreement by defendant, defendant is estopped to deny existence of a contract upon identical terms as those set forth in Exhibit "A".

Wherefore, plaintiff demands judgment against defendant Corporation in a sum in excess of $10,000 with interest; plaintiff further demands that defendant corporation be directed to set forth and account for all the gains and profits earned and received by defendant corporation to which plaintiff is entitled under the above cause of action so that plaintiff may have judgment against defendant for the amount shown to be due him by said account.

Pa.R.C.P. 1033 provides:

"A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted."

The right to amend a complaint should be liberally granted at any stage of the proceedings, unless there is resulting prejudice to an adverse party: Kilian v. Allegheny County Distributors, 409 Pa. 344, 185 A. 2d 517 (1962). At the discretion of the

trial court, an amendment may be allowed even at time of trial: Sheppard v. First Pennsylvania Banking & Trust Company, 199 Pa. Superior Ct. 190, 184 A. 2d 309 (1962). If the adverse party is unprepared to meet allegations in the amended pleading, the more prudent course is to allow a continuance rather than deny the amendment: Gregg v. Gacon Construction Co., 249 Pa. Superior Ct. 377, 378 A. 2d 344 (1977). An amendment after the running of the statute of limitations cannot be made if the effect of the amendment is to introduce a new cause of action: Bata v. Central-Penn National Bank of Philadelphia, 448 Pa. 355, 293 A. 2d 343 (1972), cert. denied, 409 U.S. 1108 (1973); Saracina v. Cotoia, 417 Pa. 80, 208 A. 2d 764 (1965). One of the primary reasons for disallowing amendments which create new causes of action after the statute of limitations has run is to prevent prejudice to the adverse party: Junk v. East End Fire Department, 262 Pa. Superior Ct. 473, 396 A. 2d 1269 (1978). The tests to be applied when the question is whether an amendment presents a new and different cause of action are: Would a judgment bar any further action on either? Does the same measure of damages apply to both? Is the same defense open in each? And, is the same measure of proof required? Saracina v. Cotoia, supra.[9] It has also been stated that a new cause of action arises if the amendment proposes a different theory or if the operative facts supporting the claim are changed: Junk v. East End Fire Department, supra.

9. See Kuisis v. Baldwin-Lima-Hamilton Corp., 457 Pa. 321, 325, 319 A. 2d 914, 918, fn. 7 (1974). "This Court has never adopted a comprehensive definition of what constitutes a cause of action, for the excellent reason that no such definition exists."

Where there is no change in the cause of action, the period of the statute of limitations is no bar to the amendment: 2 Goodrich-Amram 2d § 1033:4. Thus, a complaint may be amended after the expiration of the statute of limitations to amplify or clarify a cause of action already stated: Kuisis v. Baldwin-Lima-Hamilton Corp., 457 Pa. 321, 319 A. 2d 914 (1974); Hoffman v. Hibbs, 235 Pa. Superior Ct. 470, 344 A. 2d 546 (1975).

Although we do not approve of amendments to pleadings on the eve of trial due to the attendant delay occasioned by the amendments, the inconvenience to the adverse party and the impediment to the effective administration of justice, we must, nevertheless, deny in part defendant corporation's petition to strike the amended complaint.

With regard to the amendment of paragraph nine of count one of the amended complaint, we applied the test to determine whether a new cause of action exists and conclude that the amendment merely amplifies the cause of action already stated: neither a different theory nor new operative facts are alleged and the questions enunciated in Saracina v. Cotoia, supra, must be answered in the affirmative.

The resolution of the issue with regard to the amendments stated in count two of the amended complaint is more difficult. First, the operative facts supporting the claim are different from those stated in the original complaint. Paragraph 22 of count two of the amended complaint states that on June 1, 1974 plaintiff delivered to Robert Gittlin, an agent of the corporation, a copy of plaintiff's employment contract. This precise allegation is not stated in the original complaint and in fact this forms the factual basis of new count two. Thus, the cause of action stated does not arise from facts

already pleaded. Second, new count two proposes a different theory. Count two of the amended complaint states an action against the corporation on the theory that an implied contract based on an estoppel exists between the parties. The original complaint stated that the corporation assumed the contract plaintiff had entered into with his original employer. Last, in reference to the questions enunciated in Saracina v. Cotoia, supra, obviously different defenses will apply. We, therefore, determine that count two of the amended complaint states a new cause of action.

We must next determine whether the statute of limitations has run as to the cause of action stated in count two of the amended complaint. Generally, an action upon a contract implied in law must be commenced within four years: Judicial Code, 42 Pa.C.S.A. §5525. An action upon a contract in writing must be commenced within six years: 42 Pa.C.S.A. §5527. If the four-year statute of limitations is applicable to count two of the amended complaint, then the complaint has not been timely filed. If the six-year statute of limitations is applicable, however, the amendment is timely.

Count two of the amended complaint avers that by reason of the corporation's knowledge of plaintiff's employment contract, transmitted to the corporation through its agent, Robert Gittlin, and the corporation's subsequent inaction and plaintiff's reliance upon the corporation's inaction, the corporation should be estopped to deny the existence of the written contract upon the terms contained in the contract. Although the count is labeled "Implied Contract—Estoppel," should plaintiff receive the benefit of the six-year limitation for actions

upon a contract in writing since defendants' alleged liability arose out of the writing? We have discovered no authority that would allow us to apply the longer limitation period. Our research indicates that some jurisdictions have allowed the longer limitation of action in situations where liability based on implied contract arose out of a written contract. In such cases, however, the longer limitation has been expressly authorized by statute. See W. S. Dickey Clay Manufacturing Co. v. Corder, 310 F. 2d 764 (5th Cir. 1963). Pennsylvania law makes no similar allowances and we must apply the statute of limitations expressly as stated in the Judicial Code. In doing so we find the four-year statute of limitations applies to the cause of action stated in count two of the amended complaint and as such the statute of limitation expired prior to the time of the amendment. We, therefore, grant defendant corporation's petition to strike count two of the amended complaint.

Accordingly, we enter the following

## ORDER

April 13, 1981, upon consideration of plaintiff's amended complaint and defendants' preliminary objections in the nature of a petition for a rule on plaintiff to show cause why his amended complaint should not be stricken and the foregoing opinion, said petition is denied as to plaintiff's amendment of paragraph nine of the amended complaint and granted as to count two of the amended complaint. Defendants shall have 20 days from the date of this order to file preliminary objections to or answer the amended complaint.