**Abdollah GASHGAI, M.D., Plaintiff, Appellant,**

v.

**Rayna LEIBOWITZ, et al., Defendants, Appellees.**

**No. 82–1790.**

United States Court of Appeals, First Circuit.

Argued Feb. 4, 1983.

Decided March 24, 1983.

Terry Michael Banks, with whom Julian Tepper, Gerald P. McCartin, and Tepper & Edmundson, Washington, D.C., were on brief, for plaintiff, appellant.

John P. Doyle, Jr., with whom John J. Flaherty, Christopher D. Nyhan, and Preti, Flaherty & Beliveau, Portland, Me., were on brief, for defendants, appellees VanPelt and Williams.

William C. Nugent, Asst. Atty. Gen., with whom James E. Tierney, Atty. Gen., Augusta, Me., was on brief, for Rayna Leibowitz, et al.

M. Roberts Hunt, James M. Bowie, and Hunt, Thompson & Bowie, Portland, Me., on brief, for defendant, appellee Trembly.

Peter DeTroy, and Norman & Hanson, Portland, Me., on brief, for defendant, appellee McGuire.

Charles L. Cragin, and Verrill & Dana, Portland, Me., on brief, for appellee Maine Medical Association.

Michael J. LaTorre, Jon R. Doyle, and Doyle, Fuller & Nelson, Augusta, Me., on brief, for defendant, appellee Henry J. Wheelwright, M.D.

Michael D. Seitzinger, and Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., on brief, for defendant, appellee Jean Paul Nadeau, M.D.

Before ALDRICH and BREYER, Circuit Judges, and ZOBEL,* District Judge.

ZOBEL, District Judge.

Appellant, a physician who was practicing in Maine during the relevant period, was the subject of professional disciplinary proceedings in which appellees participated to varying degrees. He appeals from a ruling of the District Court dismissing his 42 U.S.C. § 1983 action on statute of limitations grounds. We concur with the District Court and affirm its decision.

The facts, as stated in appellant's amended complaint, are as follows. In 1974, the Ethics and Discipline Committee ("the Committee") of the Maine Medical Association ("the Association") investigated appellant's practices. The investigation, which centered around plaintiff's billing and diagnostic procedures, was commenced upon a referral made by appellees Leibowitz and Fickett, who were then employed by the Maine Department of Health and Welfare ("the Department"). This referral deviated from the Department's normal procedure, which was to refer questions of billing propriety to a peer review panel.

On March 27, 1974, the Committee summoned appellant to a meeting but did not inform him that an investigation was underway. Appellant was not represented by counsel at the meeting and was unaware that serious charges had been referred against him. The Committee, "knowing that [appellant had] been . . . deprived of an opportunity to defend himself," later recommended that he be disciplined and circulated a report "highly and detrimentally critical of [appellant's] character and conduct." The report was sent to the Association, the Department, and the Maine Board of Registration in Medicine ("the Board").

Appellant secured an injunction against circulation of the Committee's report. The Supreme Judicial Court of Maine affirmed a lower court ruling in 1976 that the Association had not followed its own internal rules. *Gashgai v. Maine Medical Associations,* 350 A.2d 571 (Me.1976). Before the decision of the Supreme Judicial Court, but after the issuance by a lower court of a temporary restraining order, the Board, allegedly acting in bad faith and in violation of its procedural rules, placed appellant on probation. In 1978, the Board's sanction was reversed by the Supreme Judicial Court because it was not supported by sufficient findings of fact. *Gashgai v. Board of Registration in Medicine,* 390 A.2d 1080 (Me. 1978).

The instant case was commenced on March 26, 1980.

■ Congress has not enacted a statute of limitations for actions brought under 42 U.S.C. § 1983. Instead, federal courts are to "look to the state statute or remedy 'most analogous' to the particular civil rights cause of action to determine the time limitation under the Civil Rights Acts." *Burns v. Sullivan,* 619 F.2d 99, 105 (1st Cir.1980), *cert. denied* 449 U.S. 893, 101 S.Ct. 256, 66 L.Ed.2d 121 (1980) (quoting *Runyon v. McCrary,* 427 U.S. 160, 180, 96 S.Ct. 2586, 2599, 49 L.Ed.2d 415 (1976)); *Board of Regents of the University of the State of New York v. Tomanio,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). Determination of the applicable statute of limitations requires a careful examination of the complaint in the federal cause of action and of state law. Four questions are relevant:

* Of the District of Massachusetts, sitting by designation.

(1) the nature of the federal cause of action, . . . ; (2) the analogous state causes of action; (3) the state statutes of limitations for those causes of action; and (4) which of the state statutes of limitations is the most appropriate under federal law. . . .

*Burns v. Sullivan*, 619 F.2d at 105.

The gravamen of appellant's complaint is that his reputation, sensibilities and ability to practice medicine have been impaired by the acts of appellees. The complaint is replete with allegations that the appellees acted with "malice . . . or . . . reckless disregard for the facts and the law." The Committee's report is alleged to have been false and appellees are alleged to have known it was false. Appellant asserts that he "has been forced to expend substantial sums of money (in the past and in the future) to clear his name of the stigma which [appellees'] actions caused to be attached to it." As part of the desired relief, appellant seeks an injunction requiring appellees to issue written apologies which would be "distributed and published in a manner which will fairly parallel all prior dissemination of harmful information about plaintiff, including that which has appeared in newspaper articles." The remedy sought and the description of plaintiff's injury in many respects closely parallel those which would normally be found in a defamation action. Since Maine has a two-year statute of limitations for defamation actions, Me. Rev.Stat.Ann. tit. 14, § 753, a determination that defamation was the "most analogous" state cause of action to appellant's claim would require us to affirm the dismissal of his action. Such a determination was the basis for the decision of the District Court.

Appellant, however, urges that there are three common law torts—invasion of privacy, abuse of process, and malicious prosecution—more analogous to his claim than defamation. Although the analogies between plaintiff's claim and abuse of process or

malicious prosecution are farfetched, his complaint does resemble one which a court might expect to find in an action for invasion of privacy. The Supreme Judicial Court of Maine has recognized that cause of action to encompass four different types of tortious conduct, one of which is placing a person "in a false light in the public eye." *Estate of Berthiaume v. Pratt, M.D.*, 365 A.2d 792, 795 (Me.1976); *Restatement of Torts (Second)* § 652. How far that may go beyond ordinary concepts of defamation is problematical. *See, e.g., Louka v. Park Entertainments, Inc.*, 294 Mass. 268, 1 N.E.2d 41 (1936), but certainly as applied to the substance of plaintiff's asserted injury here, we see little difference.

Appellant's complaint does allege that appellees' actions stigmatized him and injured his professional standing. In addition, it states that appellees invaded appellant's privacy and caused him mental anguish. Appellant alleges that he has been placed "in a position of professional fear and uncertainty" and that "these circumstances, caused by defendants, have and will continue adversely to affect plaintiff's ability to withstand the rigors and pressures peculiar to surgery. . . ." On the face of appellant's complaint, defamation and invasion of privacy appear equally analogous to appellant's federal cause of action.[1]

In *Estate of Berthiaume v. Pratt, M.D.*, 365 A.2d 792 (Me.1976), while recognizing the existence of a cause of action for "false light" invasion of privacy, the Supreme Judicial Court did not address statute of limitations problems. Me.Rev.Stat.Ann. tit. 14 § 752 requires that "[a]ll civil actions shall be commenced within 6 years after the cause of action accrues . . . except as otherwise specially provided." Me.Rev.Stat.Ann. tit. 14 § 753 provides that "Actions for slander [and] libel . . . shall be commenced within 2 years after the cause of action accrues." The Maine statutes of limitation were enacted before the Supreme Judicial

---

1. Appellees Nadeau and the Association contend that appellant's § 1983 claim is not analogous to an action for invasion of privacy because he does not allege that the false statements were given publicity. However, appellant's amended complaint alleges that the conduct of the defendants resulted in the publication of harmful information in newspapers.

Court recognized that a cause of action for "false light" invasion of privacy existed.[2] The decisive question, therefore, is whether the Maine courts would hold that Me.Rev. Stat.Ann. tit. 14 § 753 applies to "false light" actions.

■ Although some jurisdictions have imposed different statutes of limitations for defamation and "false light" actions, *see, Hoffman v. Hibbs,* 235 Pa.Super. 470, 344 A.2d 546 (1975); *Hull v. Curtis Publishing Co.,* 182 Pa.Super. 86, 125 A.2d 644 (1956),[3] we can see no logical reason for doing so. As the Court stated in *Uhl v. Columbia Broadcasting Systems,* 476 F.Supp. 1134, 1137 (W.D.Pa.1979):

> The purpose of statutes of limitations is to allow a plaintiff a reasonable time to realize the nature and extent of his injuries and file a lawsuit and, after that time passes, to bar actions and thereby relieve potential defendants of the anxiety of litigation. The appropriate length of statutes of limitations is governed by the kinds of injuries which particular causes of action protect and the speed at which they become apparent to the plaintiff. The injuries which may result from defamation and invasion of privacy are similar in nature and injuries resulting from defamation arise, as a general rule, no faster than those resulting from invasion of privacy. Publications which may give rise to liability under both torts trav-

el through the same media at the same speed. That a particular act may give rise to a cause of action under both torts but that the two statutes of limitations may differ in such cases baffles the court as well as the layman and gives substance to Dickens' observation about the nature of the law.

Perhaps most important, assigning a six-year statute of limitations for "false light" actions would often in the many cases where "false light" and defamation coincide defeat the obvious legislative intent to impose a relatively short period of limitations for the bringing of defamation actions. In the absence of any indications from the Maine courts to the contrary, therefore, we hold that they would apply a two-year statute of limitations to "false light" actions.[4] Accordingly, it is irrelevant whether appellant's federal claim is more analogous to an action alleging defamation or to one charging a "false light" invasion of privacy.

Appellant contends that there is one other cause of action more analogous to his § 1983 claim than defamation. Since his injury was caused by the appellees' depriving him of due process, he argues, he would have had a cause of action for a violation of due process under Article I, § 6–A of the Maine Constitution. Appellant, however, is unable to cite any case in which § 6–A has served as an independent cause of action, and we have not been able to find one.[5]

---

**2.** Me.Rev.Stat.Ann. tit. 14, § 753 was last amended in 1931, when the two year statute of limitations was extended to actions alleging malpractice.

**3.** In *Hull,* the issue was only whether the limitations period for actions alleging an invasion of privacy was six years (damage to property) or two years (damage to the person). It was not necessary to reach the question of whether an even shorter statute of limitations of one year (libel) should apply. *Hoffman,* which held that the statutes of limitations for invasion of privacy and libel were different, cited *Hull* as supporting precedent without examining the grounds for that decision. The Pennsylvania legislature later enacted a one year statute of limitations for both libel and invasion of privacy. See *Uhl v. Columbia Broadcasting System, Inc.,* 476 F.Supp. 1134, 1137 (W.D.Pa., 1979).

**4.** The policy of the Maine courts is that "where doubt exists *as to the nature of the action,* courts lean toward the application of the longer period of limitations," *Sohn v. Bernstein,* 279 A.2d 529, 534 (Me.1971) (quoting *Doughty v. Maine Central Transportation Company,* 141 Me. 124, 129, 39 A.2d 758 (Me.1944) (emphasis added)). Although we should respect this policy, *see Board of Regents v. Tamanio,* here the question is what statute applies to competing causes of action not what is the nature of the cause of action.

**5.** In *Michaud v. City of Bangor,* 159 Me. 491, 196 A.2d 106 (1963), the Supreme Judicial Court reversed a directed verdict for a municipality which was alleged to have damaged the plaintiff's property without having provided adequate notice of the date of a condemnation hearing. The Court stated that the notice procedure employed by the defendant did not com-

For the reasons stated above, appellant's action is time barred and the decision of the district court is affirmed.

port with the requirements of the state and federal constitutions. Although the specific cause of action was not mentioned in the Supreme Judicial Court's decision, examination of the precedents cited therein and of the complaint (alleging that defendant "had no license, permission or authority from the Plaintiffs . . . to enter upon their property or . . . any of their . . . buildings and structures thereon for any purpose whatsoever") indicates that the action was in trespass.