John J. CULLEN

v.

Dennis AUCLAIR.

No. 2001–588–Appeal.

Supreme Court of Rhode Island.

Nov. 14, 2002.

Patrick J. Dougherty, Providence, for Plaintiff.

Anthony R. Leone and Mark P. Dolan, Providence, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The plaintiff, John J. Cullen (plaintiff), appeals from a Superior Court trial justice's order granting summary judgment

in favor of the defendant, Dennis Auclair (defendant), in this defamation and false light action. This case came before the Court for oral argument on October 1, 2002, pursuant to an order that directed both parties to appear to show cause why the issues raised by this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time. The facts pertinent to this appeal are as follows.

## I

### Facts and Travel

On October 27, 1997, plaintiff, a member of the Lincoln Democratic Town Committee (committee), attended the committee's regular meeting. During the meeting, plaintiff moved to have defendant removed from his position as chairman of the Lincoln Democratic Party because defendant's recent election to the Lincoln Town Council allegedly conflicted with a provision in the committee bylaws prohibiting dual office-holding. A hotly contested debate ensued, and defendant ended the meeting because he believed the atmosphere had become "unruly and dangerous." However, the meeting was reconvened and enough votes were garnered to remove defendant from his position as chairman.

This prompted defendant to contact various print media to explain his point of view about the course of the meeting. The defendant made a series of statements to local newspapers that: (1) he tried to end the meeting because he feared for the safety of those present, (2) plaintiff was in a "fit of rage" and screamed like a "crazed person," (3) because children were in the audience, he determined that the best thing to do was to end the meeting, (4) plaintiff was acting in an irrational man-

ner, (5) plaintiff was screaming, showing no sense of decorum and no respect for anyone, and defendant had "never seen a meeting so out of control. People were actually concerned for their safety," and (6) "[t]he adjournment of the meeting was due to a hostile environment caused by several members in attendance."

Based on these statements, plaintiff filed an action for both defamation and false light. The defendant filed a motion for summary judgment in the Superior Court. After a hearing, the motion justice granted summary judgment. The plaintiff timely appealed.

## II

### Standard of Review

"It is well settled that when reviewing a motion for summary judgment, 'we examine the matter *de novo* and apply the same standards as those used by the trial court.'" *JH v. RB*, 796 A.2d 447, 448 (R.I. 2002) (quoting *Tavares v. Barbour*, 790 A.2d 1110, 1112 (R.I.2002)). "Only when a review of the evidence in the light most favorable to the nonmoving party reveals no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law, will this Court uphold the trial justice's order granting summary judgment." *Id.* at 449 (quoting *Sobanski v. Donahue*, 792 A.2d 57, 59 (R.I.2002)).

## III

### A

### Defamation

■ The plaintiff first argues that the motion justice should have found defendant's statements defamatory as a matter of law because the facts upon which defendant based his opinion were nondisclosed. When bringing a defamation action a plain-

tiff has the burden of proving that the defendant has communicated a "false and defamatory" statement about the plaintiff. *Beattie v. Fleet National Bank,* 746 A.2d 717, 721 (R.I.2000). "Whether the meaning of a particular communication is defamatory is a question of law for the court to decide rather than a factual issue for a jury to determine." *Id.* (citing *Harte–Hanks Communications, Inc. v. Connaughton,* 491 U.S. 657, 685, 109 S.Ct. 2678, 2694, 105 L.Ed.2d 562, 587 (1989)).

■ "The elements of a cause of action for defamation are: (1) the utterance of a false and defamatory statement concerning another; (2) an unprivileged communication to a third party; (3) fault amounting to at least negligence; and (4) damages * * *." *Nassa v. Hook–SupeRx, Inc.,* 790 A.2d 368, 373 n. 10 (R.I.2002) (citing Restatement (Second) *Torts* § 558 at 155 (1977)). When a public official brings an action for defamation relating to his official conduct he must prove "that the statement was made with 'actual malice'— that is, with knowledge that it was false or with reckless disregard of whether it was false or not." *New York Times Co. v. Sullivan,* 376 U.S. 254, 279–80, 84 S.Ct. 710, 726, 11 L.Ed.2d 686, 706 (1964). A public figure defamation plaintiff meets the requisite burden of proof by demonstrating actual malice by clear and convincing evidence. *See Lyons v. Rhode Island Public Employees Council 94,* 559 A.2d 130, 134 (R.I.1989) (citing *New York Times Co.,* supra). However, the first inquiry must be whether there is a "false statement of fact." *Old Dominion Branch No. 496, National Association of Letter Carriers, AFL–CIO v. Austin,* 418 U.S. 264, 284, 94 S.Ct. 2770, 2781, 41 L.Ed.2d 745, 761 (1974). In this case, defendant's statements were not factual, but instead were his opinions about the situation at the meeting. The Supreme Court has held

that "[u]nder the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas." *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 339–40, 94 S.Ct. 2997, 3007, 41 L.Ed.2d 789, 805 (1974). Thus, the "reckless or knowing falsity" test applied in defamation cases involving public figures is inapplicable when the contested statement is an idea or an opinion, as here, rather than a fact. *See* W. Page Keeton et al., *The Law of Torts,* § 113 at 814 (5th ed.1984). Therefore, we must proceed under a different line of inquiry.

■ In *Beattie* we restated our rule that "a statement in the form of an opinion may be defamatory and therefore actionable if and only if 'it implies the allegation of undisclosed defamatory facts as the basis for the opinion.'" *Beattie,* 746 A.2d at 721 (quoting *Healey v. New England Newspapers, Inc.,* 555 A.2d 321, 324 (R.I.1989)). Therefore, "if the non-defamatory facts underlying an * * * opinion are publicly known or disclosed, the opinion, justified or unjustified, is privileged as a matter of law." *Id.* (citing *Hawkins v. Oden,* 459 A.2d 481 (R.I.1983)). The rationale for this exception is that "[w]hen the facts underlying a statement of opinion are disclosed, readers will understand they are getting the author's interpretation of the facts presented; they are therefore unlikely to construe the statement as *insinuating* the existence of additional, undisclosed [defamatory] facts." *Id.* (quoting *Standing Committee on Discipline v. Yagman,* 55 F.3d 1430, 1439 (9th Cir.1995)).

If the statement is an opinion based on disclosed non-defamatory facts it must be afforded the highest form of protection under the First Amendment to the United States Constitution as applied to the states

through the Fourteenth Amendment. *See Beattie,* 746 A.2d at 721 (citing *Belliveau v. Rerick,* 504 A.2d 1360, 1362 (R.I.1986)). This principle is eloquently illustrated by John Stuart Mill, who stated: "If all mankind minus one, were of one opinion, and only one person were of contrary opinion, mankind would be no more justified in silencing that one person, than he, if he had the power, would be justified in silencing mankind." John Stuart Mill, *On Liberty* 33 (Gryphon eds.1992). Thus, such opinions are not actionable however dishonest the speaker may be in publishing that opinion. *See Beattie,* 746 A.2d at 729.

■ In this case, the motion justice concluded that defendant's statements were not defamatory as a matter of law because defendant was expressing a subjective opinion based on disclosed non-defamatory facts that were capable of being objectively verified. The plaintiff argues that defendant's statements of opinion were not based on disclosed facts. Specifically, plaintiff contends that defendant's statements about the safety of those present at the meeting caused those who read the newspaper articles to assume that defendant engaged in criminally assaultive behavior. Consequently, according to plaintiff, the public would be unable to discern whether defendant rendered an opinion versus a statement of fact. We disagree.

The defendant disclosed the undisputed fact that plaintiff was involved in an attempt to oust him from his position as chairman and that a "spirited" debate followed in which several in attendance, including plaintiff, began yelling loudly. Thereafter, any statements made in conjunction with this information allowed the reader to conclude that defendant was "expressing a subjective view, an interpretation, a theory, conjecture, surmise, or hyperbole, rather than claiming to be in possession of objectively verifiable facts." *Washington v. Smith,* 893 F.Supp. 60, 62

(D.D.C.1995) (citing *Milkovich v. Lorain Journal Co.,* 497 U.S. 1, 17–21, 110 S.Ct. 2695, 2704–07, 111 L.Ed.2d 1, 15–19 (1990)). Furthermore, defendant's statement that he feared for the safety of the children in the crowd does not mean that plaintiff was threatening children at the meeting. Rather, it implies that defendant was concerned that the hostile atmosphere at the meeting could have led to an uncontrolled situation that could have endangered the safety of those in attendance. Thus, defendant's statements do not implicate any undisclosed behavior on plaintiff's behalf. Therefore, plaintiff's claim for defamation *per se fails.*

The plaintiff also argues that defendant's deposition testimony reveals that defendant knowingly made false statements, and therefore, he is not entitled to public official constitutional protection. The plaintiff, however, misinterprets the law. The *New York Times* test for reckless or knowing falsity applies only to statements of fact. The defendant's alleged defamatory statements were his opinion, and therefore, need not be adjudged true or false. Furthermore, even if defendant's statements were factual in nature, plaintiff has not demonstrated by clear and convincing evidence that those statements were knowingly false or made with reckless disregard for the truth. The defendant stated that plaintiff did not actually threaten anyone at the meeting. That statement, however, does not change the fact that defendant indeed may have feared the potential danger that could occur in the volatile atmosphere of the committee meeting regardless of any assaultive actions by plaintiff. Therefore, we reject plaintiff's argument.

**B**

**False Light**

■ The plaintiff next argues that defendant's comments were "unreasonable

**1112** ▆ ▆▆▆▆▆▆▆▆▆

and highly objectionable publicity" that attributed false characteristics to plaintiff, thereby giving plaintiff a claim for false light under G.L.1956 § 9–1–28.1. The motion justice found that defendant's statements did not constitute an actual false light claim and granted defendant's summary judgment motion.

▆▆▆▆▆▆ As with a defamation claim, it is the responsibility of the court to determine as a matter of law whether a statement portrays an individual in a false light under § 9–1–28.1(a)(4). *See Fudge v. Penthouse International, Ltd.*, 840 F.2d 1012, 1019 (1st Cir.1988) (citing Restatement (Second) *Torts* § 652E, cmt. *e* (1976)). To recover under § 9–1–28.1(a)(4), plaintiff must establish that "[t]here has been some publication of a false or fictitious fact which implies an association which does not exist; [and] [t]he association which has been published or implied would be objectionable to the ordinary reasonable man under the circumstances." *Swerdlick v. Koch*, 721 A.2d 849, 861 (R.I.1998) (quoting § 9–1–28.1(a)(4)(i)(A)(B)). "Unlike defamation, a false-light action requires that a plaintiff be 'given unreasonable and highly objectionable publicity that attributes to him characteristics, conduct or beliefs that are false, and so is placed before the public in a false position.'" *Id.* (quoting Restatement (Second) *Torts*, § 652E, cmt. *b*, at 395). Furthermore, a plaintiff properly states a cause of action for false light when "there is such a major misrepresentation of his character, history, activities or beliefs that serious offense may reasonably be expected to be taken by a reasonable man in his position." *Id.* at 861–62 (quot-

ing Restatement (Second) *Torts*, § 652E, cmt. *c*, at 396).

When the statement giving rise to a false-light claim is one of opinion, this Court now holds that the same protections afforded opinions in a defamation claim also apply in the context of a false-light claim. To allow otherwise would give plaintiff the undesirable option of evading the limitations of a successful defamation action by using the alternate theory of a false-light claim. *See Swerdlick*, 721 A.2d at 862 n. 16 (citing Restatement (Second) *Torts*, § 652E, cmt. *e* ).[1] Hence, when the contested statement is one of opinion that is based on disclosed non-defamatory facts, thereby allowing a reasonable reader to realize that he is being exposed to the declarant's opinion rather than an accounting of actual fact, plaintiff's claim of false light must fail.

In this case, the plaintiff's false-light claim fails as a matter of law. The defendant's comments did not misrepresent any facts concerning the plaintiff's character, conduct or beliefs. In fact, the only "factual" comment that the defendant made was that several people, including the plaintiff, took action to remove him from his position as chairman after he had attempted to adjourn the meeting. The defendant's other statements were merely subjective estimations about the plaintiff's behavior. Such statements, combined with underlying non-defamatory and accurate facts should not form the basis of a meritorious false-light claim. To hold otherwise would inhibit the free expression of beliefs, which is a notion that is reprehensible to a free society such as ours. Furthermore, even if we assume that the defendant's statements were factual in nature, the

---

**1.** "When the false publicity is also defamatory so that either action can be maintained by the plaintiff, it is arguable that limitations of long standing that have been found desirable for the action for defamation should not be suc-

cessfully evaded by proceeding upon a different theory of later origin, in the development of which the attention of the courts has not been directed to the limitations." Restatement (Second) *Torts*, § 652E, cmt. *e* (1976).

plaintiff's allegation that those comments implied an objectionable association with assaultive behavior has no merit. The defendant's statements merely expressed a concern about the general atmosphere of the meeting that the plaintiff's conduct allegedly caused.

### Conclusion

For the reasons set out above, the plaintiff's appeal is denied and dismissed. The judgment of the Superior Court is affirmed. The papers of the case are returned to the Superior Court.