January 29, 2021

**Supreme Court**

No. 2019-54-Appeal.
(PC 13-5356)

| | | |
|---|---|---|
| Eileen Fuoco | : | |
| v. | : | |
| Joseph Polisena. | : | |

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email:   opinionanalyst@courts.ri.gov,   of   any typographical  or  other  formal  errors  in  order  that corrections may be made before the opinion is published.

Eileen Fuoco          :

v.          :

Joseph Polisena.          :

Present:  Suttell, C.J., Goldberg, and Robinson, JJ.

## O P I N I O N

**Justice Goldberg, for the Court.**  This case came before the Supreme Court on December 2, 2020, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  The plaintiff, Eileen Fuoco, appeals from a final judgment entered in favor of the defendant, Joseph Polisena, following the grant of the defendant's motion for judgment as a matter of law pursuant to Rule 50 of the Superior Court Rules of Civil Procedure and, in the alternative, the defendant's motions for new trial and remittitur, based on the trial justice's conclusion that the plaintiff failed to present sufficient evidence that the defendant made defamatory statements.  The plaintiff contends that the trial justice erred by granting judgment as a matter of law and that the jury verdict should be reinstated because the evidence presented at

trial established, by clear and convincing evidence, that the defendant made defamatory statements concerning her performance as a member of the Town Council of the Town of Johnston. After examining the record and memoranda submitted by the parties, we are satisfied that cause has not been shown and, thus, the appeal may be decided at this time. For the reasons stated herein, we affirm the judgment of the Superior Court.

**Facts and Travel**

The facts of this case are not in dispute. The plaintiff was first elected to the Johnston Town Council on November 2, 2010, and was thereafter re-elected in 2012. The defendant, at all relevant times, was and remains the Mayor of the Town of Johnston. On October 15, 2013, plaintiff and defendant were in attendance at a meeting of the town council. During that meeting, plaintiff raised a concern about street paving in her district and inquired why only two streets in her district were selected for repaving and repair. Similarly, a member of the public requested to be heard regarding the "2012 Road List" and inquired why only two streets in plaintiff's district were scheduled for repair.[1] The defendant responded that he had attempted to contact plaintiff to encourage her to submit her list of

---

[1] Apparently, each town council member was asked to submit a list of five streets in his or her district to be repaired. The plaintiff claimed that she submitted a list of five streets for repair to the Department of Public Works, but defendant maintained otherwise. Whether plaintiff did in fact submit a list of selective roads to be repaired is immaterial to our analysis.

roads, but that she either failed to submit a list or did not respond in a timely manner.

The defendant then inquired whether the member of the public "would be concerned if someone tried to rip the system off[.]" As defendant's comments continued, he suggested that plaintiff had "a problem" with his administration because "she tried to get health care" from the town and "because on [April 28, 2011] she tried to put in for temporary disability, unemployment insurance." The defendant, over plaintiff's objections, continued to assert that he did not know how plaintiff was injured as a councilwoman; but that she "put in against the Town[,]" and that she "put in for unemployment compensation." The defendant also informed plaintiff that her "problem" was that she "spend[s] three months in Florida" and that she had "been missing in action[,]" based on her attendance record at council meetings.

The plaintiff responded that defendant was making "an incorrect statement" because she had not sought disability compensation from the town. The defendant then produced a letter addressed to the town from the Temporary Disability Insurance (TDI) Division of the Rhode Island Department of Labor and Training (DLT); the letter notified the town that plaintiff had "filed a claim for [TDI] benefits." The record discloses that the town's payroll clerk, Lucia Tracy, had brought the letter to defendant's attention when she received it two years earlier,

on or about May 4, 2011; Ms. Tracy provided a copy of the letter to defendant, who redacted plaintiff's Social Security number and locked the copy in the top drawer of his desk. Thereafter, on the evening of October 15, 2013, defendant brought the redacted letter to the town council meeting and presented it to the town council President, Robert Russo, who perused the document and acknowledged that the document defendant handed him was "for Temporary Disability Insurance—verification from the Town of Johnston personnel * * *." Mr. Russo then returned the letter to defendant. After the discussion regarding street paving and repair concluded, the meeting adjourned.

On October 23, 2013, plaintiff filed a three-count verified complaint in Superior Court, alleging deprivation of her right to privacy, slander and libel, and intentional infliction of emotional distress. The defendant in response filed a two-count counterclaim for abuse of process and immunity pursuant to the Limits on Strategic Litigation Against Public Participation (anti-SLAPP) statute, G.L. 1956 chapter 33 of title 9. In June 2018, a jury trial commenced in Superior Court. At the conclusion of plaintiff's case-in-chief, defendant moved for judgment as a matter of law pursuant to Rule 50. The trial justice reserved decision on the Rule 50 motion, and defendant proceeded with his witnesses. At the close of the evidence, the trial justice entertained Rule 50 motions from both parties. He dismissed defendant's counterclaim for abuse of process but allowed his

counterclaim which sought immunity under the anti-SLAPP statute to proceed to the jury. The trial justice dismissed plaintiff's claim alleging a deprivation of her right to privacy and reserved judgment as to whether judgment as a matter of law was appropriate as to the claims for slander and intentional infliction of emotional distress.

The jury concluded that the anti-SLAPP statute did not cloak defendant with immunity, and it returned a verdict in favor of plaintiff on the slander claim. The jury awarded plaintiff $20,000 in damages, plus the stipend she would have earned had she served two additional terms on the town council. After the jury verdict was rendered, the trial justice granted defendant's motion for judgment as a matter of law and, in the alternative, granted defendant's motions for a new trial and a remittitur. This appeal by plaintiff ensued.

### Standard of Review

"Our review of a trial justice's decision on a motion for judgment as a matter of law is *de novo*." *O'Connell v. Walmsley*, 93 A.3d 60, 65 (R.I. 2014) (quoting *McGarry v. Pielech*, 47 A.3d 271, 279 (R.I. 2012)). This Court, like the trial justice, "examine[s] the evidence in the light most favorable to the nonmoving party, without weighing the evidence or evaluating the credibility of witnesses, and draw[s] from the record all reasonable inferences that support the position of the nonmoving party." *Free & Clear Company v. Narragansett Bay Commission*, 131

A.3d 1102, 1112 (R.I. 2016) (quoting *O'Connell*, 93 A.3d at 66). "Judgment as a matter of law is appropriate if, after conducting this examination, the trial justice 'determines that the nonmoving party has not presented legally sufficient evidence to allow the trier of fact to arrive at a verdict in his [or her] favor.'" *O'Connell*, 93 A.3d at 66 (punctuation omitted) (quoting *McGarry*, 47 A.3d at 280).

## Analysis

Before this Court, plaintiff assigns error to the trial justice's posttrial rulings and argues that the jury verdict should be reinstated.[2] Specifically, plaintiff contends that three statements made by defendant at the October 2013 town council meeting at issue were defamatory.

Whether a statement "alleged to be defamatory is, in fact, defamatory is a question of law for the court to decide." *Alves v. Hometown Newspapers, Inc.*, 857 A.2d 743, 750 (R.I. 2004). Accordingly, the court must determine whether a plaintiff carried his or her "burden of proving that a defendant communicated a 'false and defamatory' statement about him or her." *Id.* (quoting *Beattie v. Fleet National Bank*, 746 A.2d 717, 721 (R.I. 2000)). Moreover, where, as here, the plaintiff is a public official, there must be clear and convincing evidence "that the statement was made with 'actual malice'—that is, with knowledge that it was false

---

[2] Unfortunately, plaintiff's submissions to this Court are somewhat perfunctory. Nonetheless, we address the merits of this appeal.

or with reckless disregard of whether it was false or not." *Cullen v. Auclair*, 809 A.2d 1107, 1110 (R.I. 2002) (quoting *New York Times Company v. Sullivan*, 376 U.S. 254, 279-80 (1964)).

**Temporary Disability Insurance**

The plaintiff first challenges the trial justice's conclusion that there was "no evidentiary basis for finding" that defendant's statement that she sought TDI benefits from the town and attempted to "rip the system off" was false. Specifically, the trial justice found that the evidence presented supported defendant's statement that plaintiff did, in fact, apply for TDI benefits and "that the Town was involved in the benefit determination, as demonstrated by the Department of Labor and Training sending the TDI Letter to the Town * * *." Critically, the trial justice also noted that, because plaintiff failed to submit into evidence her application for TDI benefits, she failed to carry the burden of proving that defendant made a false statement, as the court could not determine exactly what benefits plaintiff had sought. The trial justice also concluded that, even if plaintiff had succeeded in establishing that defendant's statement was false, she failed to provide any "evidence whatsoever, let alone clear and convincing evidence, that would establish that [defendant] knew that she had not applied for 'TDI against the Town[.]'" We agree with these conclusions.

Viewing the evidence in the light most favorable to plaintiff, and drawing all reasonable inferences in plaintiff's favor, it is clear that plaintiff's evidence was insufficient to enable a reasonable jury to assign liability to defendant. The defendant testified that his comment about plaintiff trying to "rip the system off" was related to the TDI letter that the town had received in May 2011. However, plaintiff failed to submit any affirmative evidence showing that she did not apply for TDI benefits from the town. Although plaintiff testified that she never applied for TDI benefits from the town, she failed to produce the application for TDI benefits that resulted in DLT sending the letter to the town. Accordingly, the trial justice was correct in concluding that plaintiff failed to establish that defendant's statement was false.

Moreover, defendant's testimony revealed that he never contacted DLT or received further information from Ms. Tracy regarding the letter from DLT and that he simply assumed that plaintiff was not entitled to TDI benefits from the town. As such, defendant's uncontroverted testimony supports the conclusion that there is no evidence in the record that he knew the statement he made at the town council meeting was false or that he acted with actual malice in stating that plaintiff had filed for TDI benefits from the town. Rather, defendant's understanding was that the TDI letter was directed at the town and that plaintiff was attempting to collect benefits to which she was not entitled. Because

defendant's alleged defamatory statement was not proven to be false, nor was it uttered with actual malice, the trial justice did not err in finding that plaintiff failed to prove defamation.

## Unemployment Insurance

Next, plaintiff maintains that defendant's statement that she applied for unemployment insurance was knowingly false because there was no evidence that plaintiff applied for unemployment insurance with the town. However, as the trial justice aptly noted, defendant's statements about unemployment insurance were clearly linked to the letter to the town from DLT. During the town council meeting, defendant stated that "on [April 28, 2011, plaintiff] tried to put in for temporary disability, unemployment insurance." Later in the meeting, defendant repeated that plaintiff "put in for unemployment compensation[,]" and told plaintiff "[i]t's right there[,]" referring to the aforementioned letter. Although defendant may have conflated TDI with unemployment compensation, plaintiff failed to examine defendant regarding unemployment insurance at trial. Accordingly, the evidence presented at trial supports the trial justice's conclusion that defendant's statements conflated TDI with unemployment insurance. Thus, plaintiff failed to present sufficient evidence that defendant made a false statement with actual malice.

## Missing Meetings

Finally, plaintiff argues that defendant's statement that she was "missing in action" was an actionable defamatory statement because, she contends, defendant failed to present evidence "as to the number of meetings that the [p]laintiff had missed during the time period in question." However, it was not defendant's burden to prove that his statements regarding plaintiff's attendance were truthful. Rather, plaintiff bore the burden of proving, by a preponderance of the evidence, that defendant's statements were false. *See Ferreira v. Child and Family Services*, 222 A.3d 69, 74 (R.I. 2019). Moreover, plaintiff, as a public figure, bore the additional burden of proving, by clear and convincing evidence, that defendant's statements were made with actual malice. *See Alves*, 857 A.2d at 750.

Here, plaintiff failed to introduce her attendance record to substantiate how many town council meetings, if any, she had missed, and during the town council meeting on October 15, 2013, she admitted that she "missed one meeting" that year. The plaintiff also acknowledged at trial that, from December through March, plaintiff and her husband "would go down to Florida to this condominium [they] had in Fort Lauderdale[.]" At trial, plaintiff again failed to examine defendant about his statement that plaintiff was "missing in action." Thus, we discern no error with the trial justice's conclusion that plaintiff failed to prove that defendant's statement was false.

In sum, the trial justice's decision in this case rests on a failure of proof. The plaintiff failed to prove that the defendant's statements were false or that he made those statements with actual malice. Although the defendant's statements at the town council meeting were perhaps unfortunate, the plaintiff simply failed to present evidence that the remarks were false or were made with actual malice.

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The papers in this case may be returned to the Superior Court.

Justices Flaherty, Lynch Prata, and Long did not participate.



## STATE OF RHODE ISLAND

### SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Eileen Fuoco v. Joseph Polisena. |
| **Case Number** | No. 2019-54-Appeal.<br>(PC 13-5356) |
| **Date Opinion Filed** | January 29, 2021 |
| **Justices** | Suttell, C.J., Goldberg, and Robinson, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Richard A. Licht |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Gregory J. Acciardo, Esq. |
| | For Defendant:<br><br>Lauren E. Jones, Esq.<br>Robert S. Thurston, Esq. |