SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court and may not summarize all portions of the opinion.

**Salve Chipola, III v. Sean Flannery (A-2-24) (088836)**

**Argued January 6, 2025 -- Decided August 7, 2025**

**HOFFMAN, J., writing for a unanimous Court.**

In this appeal, the Court considers whether false light invasion of privacy claims are subject to a one-year statute of limitations, like defamation claims, or a two-year statute of limitations, like personal injury claims.

In January 2020, plaintiff Salve Chipola attended a Clearview Regional High School basketball game. Defendant Sean Flannery made statements to a school official alleging that Chipola was a drug dealer and had provided drugs and alcohol to students. When Chipola returned to Clearview for another game, a police officer prevented him from entering and handed him a letter from the school, banning him from school grounds. Nearly two years later, Chipola sued Flannery for false light invasion of privacy. Chipola claimed that Flannery made false statements about him, harming his reputation and causing him emotional distress. Flannery moved to dismiss, arguing that Chipola filed his complaint outside the applicable one-year statute of limitations for defamation. The trial court, relying on Swan v. Boardwalk Regency Corp., 407 N.J. Super. 108 (App. Div. 2009), granted the motion. The Appellate Division affirmed. The Court granted certification. 258 N.J. 439 (2024).

**HELD:** Consistent with Swan, the one-year statute of limitations that applies to defamation claims also applies to false light claims. The overlap between the causes of action, in conjunction with the practical considerations and free speech protections, mandates that false light be subject to the same one-year statute of limitations as defamation.

1. When a cause of action is created by common law or by a statute that is silent as to the appropriate limitations period, courts must determine which of the general limitations periods defined by the Legislature applies to the action. Here, the parties dispute whether the appropriate limitations statute for the common law tort of false light is N.J.S.A. 2A:14-3, which prescribes that defamation actions must be commenced within one year, or N.J.S.A. 2A:14-2, which mandates that personal injury actions be commenced within two years. McGrogan v. Till, 167 N.J. 414 (2001), provides a roadmap for determining the appropriate statute of limitations for

1

common law torts where, as here, the Legislature has been silent. Courts should identify the cause of action to which the tort in question is most closely aligned and look primarily to the conduct underlying the tort to determine commonality. Id. at 425. The nature of the injury inherent in the underlying cause of action is a means of informing that inquiry. Id. at 423, 425. (pp. 7-8)

2. McGrogan relied in part on Rumbauskas v. Cantor, 138 N.J. 173 (1994), in which the Court considered the appropriate limitations period for a different privacy tort -- intrusion on seclusion. 138 N.J. at 182. The Court did not decide the limitations period for false light in Rumbauskas, but it did recognize the "inherent similarities between false-light and defamation claims" and comment that "case law in other jurisdictions indicates that [false light] actions are subject to the limitations period for defamation claims." id. at 180, 183. Several years later, the Appellate Division in Swan expressly held that false light claims should be governed by the same one-year statute of limitations as defamation. 407 N.J. Super. at 121. (pp. 8-11)

3. Although false light and defamation claims may protect differing interests, there is a conceptual affinity between the causes of action. As with the requirement in defamation actions that the matter publicized be untrue, a fundamental requirement of the false light tort is that the disputed publicity be in fact false. The nature of the injury also elucidates the affinity between the two torts. A defamatory statement is one that is injurious to the reputation of another. Similarly, in many false light cases, including this one, the plaintiff alleges to have suffered from mental and emotional distress because the plaintiff's reputation was negatively affected. Thus, both a cause-of-action-based and an injury-based analysis militate in favor of applying the same limitations period to false light and defamation claims. The Court nevertheless makes explicit that McGrogan did not undermine Rumbauskas; rather, McGrogan presents the comparison of the injury as a means to inform -- not replace -- the commonality of conduct inquiry. (pp. 12-16)

4. There are also practical reasons for applying a one-year statute of limitations to false light claims. An expansive statute of limitations for false light claims runs the risk of trivializing, if not eliminating, defamation as a tort when the alleged comment is defamatory in nature, and it would run counter to the legislative balancing of potentially tortious behavior with free speech rights through a narrowed limitations period. Most jurisdictions have likewise held that the statute of limitations for defamation applies to false light claims. (pp. 16-21)

   **AFFIRMED.**

**CHIEF JUSTICE RABNER and JUSTICES PATTERSON, PIERRE-LOUIS, WAINER APTER, FASCIALE, and NORIEGA join in JUSTICE HOFFMAN's opinion.**

2

SUPREME COURT OF NEW JERSEY
A-2 September Term 2024
088836

Salve Chipola, III,

Plaintiff-Appellant,

v.

Sean Flannery,

Defendant-Respondent.

On certification to the Superior Court,
Appellate Division.

| Argued | Decided |
|---|---|
| January 6, 2025 | August 7, 2025 |

Peter Kober argued the cause for appellant (Kober Law
Firm, attorneys; Peter Kober, on the brief).

Christopher J. Ross argued the cause for respondent (The
Vigilante Law Firm, attorneys; Christopher J. Ross, on
the briefs).

CJ Griffin argued the cause for amici curiae New Jersey
Center for Nonprofit Journalism and New Jersey
Independent Local News Collective (Pashman Stein
Walder Hayden, attorneys; CJ Griffin, on the brief).

JUSTICE HOFFMAN delivered the opinion of the Court.

1

In this appeal, we consider whether false light invasion of privacy claims are subject to a one-year statute of limitations, like defamation claims, or a two-year statute of limitations, like personal injury claims. Although the Appellate Division held in Swan v. Boardwalk Regency Corp., 407 N.J. Super. 108 (App. Div. 2009), that the one-year statute of limitations applies in this context, this Court has yet to definitively rule on this issue.

Today, we join the majority of jurisdictions that have considered the matter and rule, consistent with Swan, that the one-year statute of limitations that applies to defamation claims also applies to false light claims. We therefore affirm the judgment of the Appellate Division in this matter.

I.

A.

Salve Chipola attended a Clearview Regional High School basketball game on January 9, 2020. During halftime, Chipola walked past two acquaintances, Sean Flannery and an unnamed individual, speaking with a member of the school staff. Later that same night, the unnamed individual called Chipola and informed him that Flannery had been speaking about Chipola, but did not share any details of the conversation.

On January 14, 2020, Chipola returned to Clearview for another basketball game, but a police officer prevented him from entering and handed

2

him a letter from the school, informing Chipola that he was banned from school grounds. The officer asked Chipola if he was a drug dealer and whether he had sold drugs to or purchased alcohol for students; Chipola insisted that he was not a drug dealer and denied engaging in such activities.

Chipola suspected that Flannery's comments at the earlier basketball game were the source of the allegation. Later that night, Chipola texted Flannery and asked him about the conversation on January 9. Flannery conceded that he made statements to the school official alleging that Chipola was a drug dealer and had provided drugs and alcohol to students.

## B.

Nearly two years later, on December 12, 2021, Chipola sued Flannery for false light invasion of privacy. Chipola claimed that Flannery made false statements about Chipola that created a false impression of him as a drug dealer, harming his reputation and causing him emotional distress. Chipola alleged that Flannery made the statements knowing they were false or in reckless disregard of the comments' falsity and, as a result, Chipola's "reputation as a drug dealer was publicized throughout Gloucester County."

Flannery moved to dismiss, arguing that Chipola filed his complaint outside the applicable one-year statute of limitations for defamation, which began to run on January 9, 2020, when Flannery allegedly made the false

statements. The trial court, relying on <u>Swan</u>, granted Flannery's motion, finding that the circumstances and cause of action in <u>Swan</u> "paralleled" those in the instant case.

Chipola appealed, and the Appellate Division affirmed the dismissal of Chipola's claim in an unpublished opinion. The court explained that <u>Swan</u> was analogous to this case and properly held that the false light tort is "essentially one of defamation" and therefore was subject to a one-year statute of limitations. According to the appellate court, <u>Swan</u> cited <u>Rumbauskas v. Cantor</u>, 138 N.J. 173 (1994), for support and characterized <u>Rumbauskas</u> as having "quoted approvingly of decisions in other jurisdictions" that applied a one-year statute of limitations period to false light claims.

We granted Chipola's petition for certification. 258 N.J. 439 (2024). We granted leave for the New Jersey Center for Nonprofit Journalism and the New Jersey Independent Local News Collective to appear as amici curiae.

## II.

### A.

Chipola concedes that <u>Swan</u> would mandate the dismissal of his complaint as time-barred, but he argues that <u>Swan</u> relied upon the wrong test for determining the appropriate statute of limitations and should be overruled. Chipola contends that when the Legislature is silent, as it was here, courts

4

should follow the guidance in <u>Montells v. Haynes</u>, 133 N.J. 282 (1993), and thus consider the nature of the plaintiff's injury as pled in the complaint and look to the most analogous cause of action to the one pled to determine the appropriate statute of limitations. That, according to Chipola, should be the two-year statute of limitations for personal injury, pursuant to N.J.S.A. 2A:14-2.

Chipola argues that subsequent case law on this question supports his interpretation, claiming that <u>McGrogan v. Till</u>, 167 N.J. 414 (2001), affirmed this approach of focusing on the nature of the injury. Consequently, Chipola argues that <u>Swan</u> is inconsistent with that test, because <u>Swan</u> relied on the similarities between the conduct at issue in false light and defamation claims, rather than the differences between the nature of the injury inherent in those claims.

B.

Flannery argues that the Appellate Division correctly concluded that the one-year statute of limitations for defamation claims governs false light claims. Flannery submits that <u>Swan</u> was rightly decided and that the conduct at issue in Chipola's claim is analogous to that in <u>Swan</u>. He maintains that the same is true with regard to the nature of the injury. Flannery notes that <u>Swan</u>, in reliance upon <u>Rumbauskas</u>, "rightfully concluded that the one-year statute

5

of limitations governing defamation actions would be applied in a false light claim that was 'clearly grounded in allegations which were defamatory in nature.'" (quoting Swan, 407 N.J. Super. at 121).

## C.

In a joint brief, amici argue that the one-year statute of limitations should apply to false light claims, and furthermore, that the false light tort should be eliminated. We do not consider the latter argument, as it goes beyond the scope of our review and because, "[a]s a general rule, an amicus curiae must accept the case before the court as presented by the parties and cannot raise issues not raised by the parties." See State v. O'Driscoll, 215 N.J. 461, 479 (2013) (quoting State v. Lazo, 209 N.J. 9, 25 (2012)).

## III.

## A.

An appellate court's review "as to the applicable statute of limitations is plenary and de novo." Psak, Graziano, Piasecki & Whitelaw v. Fleet Nat'l Bank, 390 N.J. Super. 199, 203 (App. Div. 2007). We likewise review de novo a determination that a cause of action is barred by a statute of limitations. Smith v. Datla, 451 N.J. Super. 82, 88 (App. Div. 2017).

B.

When a cause of action is created by common law, or when a statute that creates a cause of action is silent as to the appropriate limitations period, courts must determine which of the general limitations periods defined by the Legislature applies to the action at hand. Here, the parties dispute whether the appropriate limitations statute for the common law tort of false light is N.J.S.A. 2A:14-3, which governs defamation claims and prescribes that an action must "be commenced within 1 year next after the publication of the alleged libel or slander," or N.J.S.A. 2A:14-2, which applies to actions "for an injury to the person caused by the wrongful act, neglect or default of any person within this State" and mandates that such actions "be commenced within two years next after the cause of any such action shall have accrued."

McGrogan provides a roadmap for determining the appropriate statute of limitations for common law torts where, as here, the Legislature has been silent with respect to a particular cause of action. In McGrogan, we considered whether the two- or six-year statute of limitations applied to claims of legal malpractice by criminal defense counsel. 167 N.J. at 425. After reviewing relevant precedent, we found that courts should identify the cause of action to which the tort in question is most closely aligned, and should look primarily to the conduct underlying the tort to determine commonality: "As noted, it is the

7

injurious conduct that engenders the alleged cause of action and then serves as the analytical trigger for determining the pertinent limitations period." Ibid.

We also found that "injuries resulting from that conduct are a means of informing that inquiry." Ibid.; accord id. at 423 ("The 'nature of the injury' is used to determine the 'nature of the cause of action' . . . ."). This inquiry is not "subjected to a complaint-specific" analysis; rather, the court should review the nature of the injury inherent in the underlying cause of action. Id. at 423.

Our decision in McGrogan relied in part on our earlier decision in Rumbauskas, which centered on the applicable statute of limitations for intrusion on seclusion. Like false light, intrusion on seclusion is one of the four generally recognized invasion of privacy torts.[1] Rumbauskas ultimately held "that an action for intrusion on seclusion that is premised on conduct such as the stalkings or threats of violence present here constitutes a claim for 'injury to the person' of the plaintiff and is governed by the two-year statute of limitations set forth in N.J.S.A. 2A:14-2." 138 N.J. at 182.

---

[1] Rumbauskas referenced Dean William Prosser, who described the four invasion of privacy torts: (1) "intrusion"; (2) "public disclosure of private facts"; (3) "placing plaintiff in a false light in the public eye"; and (4) "appropriation, for the defendant's benefit, of the plaintiff's name or likeness." 138 N.J. at 180 (citing Prosser & Keeton on Torts § 117 (5th ed. 1984)); see also William L. Prosser, Privacy, 48 Cal. L. Rev. 383, 389 (1960).

8

En route to our holding in Rumbauskas, we explained that "[j]urisdictions throughout the country have struggled with the classification of actions for invasion of privacy," noting in particular that "[o]ne of the most familiar difficulties is determining whether placing one in a false-light in the public eye should be regarded as defamatory in nature, thereby subjecting causes of action to the specific statutes of limitations applicable to defamation claims." Id. at 180. We recognized the "inherent similarities between false-light and defamation claims," ibid., and commented that even though "other types of invasion of privacy [torts] are not before us . . . [r]egarding actions for . . . placing one in a false light, case law in other jurisdictions indicates that such actions are subject to the limitations period for defamation claims, which is one year in New Jersey," id. at 183.

Several years later, the Appellate Division in Swan expressly held that false light claims should be governed by the same one-year statute of limitations as defamation, pursuant to N.J.S.A. 2A:14-3. 407 N.J. Super. at 121. The plaintiff in Swan brought a false light claim against the defendant for harming his reputation in the community by firing him following the release of a complaint alleging that he used casino surveillance systems for inappropriate purposes. Id. at 111, 114.

9

The Appellate Division affirmed the trial court's dismissal of the false light claim for falling outside the one-year statute of limitations under N.J.S.A. 2A:14-3, referencing that the "motion judge could 'perceive no rationale for concluding that the Legislature intended that a longer statute of limitations would apply' to a false light claim . . . which was similar to defamation in that it 'subject[ed] the victim to the consequences of defamation without the explicit nature of the claim.'" Id. at 121 (alteration in original). The appellate court found "that the nature of plaintiff's invasion of privacy claim is essentially one of defamation, and that the type of alleged objectionable conduct by defendant is dissimilar to that giving rise to the two-year statute of limitations." Ibid.

The appellate court relied upon the "significant number of other state and federal courts throughout the country [that] have applied the same statute of limitations to false light and defamation claims," id. at 122, and cited Rumbauskas as having "quoted approvingly" of that same litany of cases, id. at 121 (citing 138 N.J. at 180-82). The Appellate Division noted that other courts "reason[ed] that holding otherwise would allow a plaintiff . . . to avoid a shorter defamation statute of limitations merely by phrasing the cause of action in terms of invasion of privacy." Id. at 122. Such a holding "would condone a transparent evasion of the one-year statute of limitations in New Jersey" and

10

would contradict "the implicit direction in <u>Rumbauskas</u> and the rationale expressed by the multitude of courts in other jurisdictions that apply the same statute of limitations to both false light privacy and defamation claims." <u>Id.</u> at 123.

The Appellate Division concluded that "[n]either law nor logic justifies why . . . plaintiff's complaint labeled 'Defamation' should be subject to a one-year statute of limitations while his same claims re-labeled 'False Light/Invasion of Privacy' . . . should be governed by a longer limitations period." <u>Id.</u> at 122-23.

Here, Chipola argues that the Appellate Division in <u>Swan</u> reached the wrong conclusion about the appropriate limitations period by analyzing the underlying legal theory of the claim in accordance with <u>Rumbauskas</u> rather than applying an injury-based test, which, according to Chipola, <u>McGrogan</u> required.

IV.

We reject the notion that <u>McGrogan</u> and <u>Rumbauskas</u> are inconsistent, and we hold, as the Appellate Division held in <u>Swan</u>, that the one-year statute of limitations applies to false light claims. We so hold for the following reasons: the conduct at the heart of both defamation and false light invasion of privacy claims is essentially the same; and holding otherwise would cause

11

false light to engulf the tort of defamation and eradicate the narrowed one-year limitations period that is intended to balance potentially tortious behavior with free speech rights. Finally, we note that both our conclusion and rationale conform with the decisions in the majority of other jurisdictions that recognize the false light cause of action.

A.

Although this Court has recognized that false light and defamation claims may protect "differing interests," we have noted that "there is a conceptual affinity between the causes of action." Romaine v. Kallinger, 109 N.J. 282, 294 (1988). This "affinity," as revealed by comparing the elements of each tort and as recognized in prior precedent, pertains to common "conduct": the publication of false statements regarding an individual. Id. at 294-95.

A false light tort occurs when a defendant publicizes a matter that "unreasonably places [an individual] in a false light before the public." Id. at 293 (quotation omitted). To succeed on a false light claim, a plaintiff must prove that: (1) "the false light in which the [plaintiff] was placed would be highly offensive to a reasonable person," and (2) the defendant "had knowledge of or acted in reckless disregard as to the falsity of the publicized

matter and the false light in which the [plaintiff] would be placed." Id. at 294

(quoting Restatement (Second) of Torts § 652E (Am. L. Inst. 1977)).

To satisfy the first element, "the material publicized 'must be something

that would be objectionable to the ordinary person under the circumstances.'"

Id. at 295 (quoting Prosser & Keeton on Torts § 117 at 864 (5th ed. 1984)).

Under the second element, "a fundamental requirement of the false light tort is

that the disputed publicity be in fact false, or else at least have the capacity to

give rise to a false public impression as to the plaintiff." Id. at 294 (quotation

omitted).

Likewise, to prove defamation, a plaintiff must demonstrate

> (a) a false and defamatory statement concerning another;
>
> (b) an unprivileged publication to a third party;
>
> (c) fault amounting at least to negligence on the part of the publisher; and
>
> (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.
>
> [Restatement (Second) of Torts § 558.]

To satisfy the first element of a defamation claim, a defendant must

make a defamatory statement about the plaintiff, which is a statement that is

"false and 'injurious to the reputation of another'"; "exposes another person to

13

'hatred, contempt or ridicule'"; or "subjects another person to 'a loss of the good will and confidence' in which [that person] is held by others." Romaine, 109 N.J. at 289 (quoting Leers v. Green, 24 N.J. 239, 251 (1957)).

"As with the requirement in defamation actions that the matter publicized be untrue, a fundamental requirement of the false light tort is that the disputed publicity be in fact false . . . ." Id. at 294 (emphases added). This very commonality in conduct -- "the publication of misleading information" -- is why the tort of false light has been held to be "akin to defamation." Smith, 451 N.J. Super. at 99; see also Swan, 407 N.J. Super. at 121 (holding that the "objectionable conduct" of both torts was similar); Restatement (Second) of Torts § 652E cmt. b ("In many cases to which [false light] applies, the publicity given to the plaintiff is defamatory . . . .").

This Court's definition of defamatory statements also elucidates the "affinity" between the two torts, Romaine, 109 N.J. at 294, as it relates to the nature of the injury, which, as McGrogan states, is intended to inform the commonality of conduct inquiry, see 167 N.J. at 425. As we found in Romaine, "[a] defamatory statement is one that is false and 'injurious to the reputation of another.'" 109 N.J. at 289 (quoting Leers, 24 N.J. at 251). Similarly, in many false light cases, including this one, the plaintiff alleges to have suffered from mental and emotional distress because the plaintiff's

14

reputation was negatively affected by the defendant publicizing false statements about the plaintiff. E.g., DeAngelis v. Hill, 180 N.J. 1, 10 (2004) (the plaintiff alleged that the defamatory statements on which he based his claims for false light and defamation were "pretty damaging to [his] reputation," causing him "[l]oss of sleep, stress, [and] embarrassment" (alterations in original) (quotation omitted)). Notably, Chipola mentions damage to his reputation six times in his complaint and asserts that, as a result, he "suffered emotional distress."

Thus, contrary to Chipola's argument, both a cause-of-action-based and an injury-based analysis indicate that similarities between false light and defamation militate in favor of applying the same limitations period to both claims. We nevertheless make explicit now that McGrogan did not undermine Rumbauskas. Rather, McGrogan presents the comparison of the injury as a means to inform -- not replace -- the commonality of conduct inquiry: "it is the injurious conduct that engenders the alleged cause of action and then serves as the analytical trigger for determining the pertinent limitations period; injuries resulting from that conduct are a means of informing that inquiry." 167 N.J. at 425 (emphases added).

Because the underlying conduct in a cause of action for false light -- a false statement -- is most analogous to defamation both in its own right and

15

through the injuries it causes, <u>McGrogan</u> dictates that false light claims should be subject to the same one-year statute of limitations as defamation claims, pursuant to N.J.S.A. 2A:14-3. Accordingly, the appellate courts in <u>Swan</u> and in the instant matter properly examined the common conduct at issue in false light and defamation claims and concluded that the same one-year statute of limitations applies to both.

B.

In addition to the "inherent similarities" between false light and defamation, <u>Rumbauskas</u>, 138 N.J. at 180, there are practical reasons for applying a one-year statute of limitations to false light claims.

An expansive statute of limitations for false light claims runs the risk of trivializing, if not eliminating, defamation as a tort where, as here, the alleged comment is defamatory in nature. See <u>Biondi v. Nassimos</u>, 300 N.J. Super. 148, 154 (App. Div. 1997) (explaining that statements alleging a criminal offense -- like those at issue here -- are considered defamation per se). Comments (b) and (e) in section 652E of the Second Restatement of Torts expound upon this point. In comment (b), the drafters explained that "[i]n many cases to which [false light] applies, the publicity given to the plaintiff is defamatory, so that he would have an action for libel or slander." <u>Restatement (Second) of Torts</u> § 652E cmt. b. Comment (e) goes on to state that, when

16

"either action can be maintained by the plaintiff, . . . limitations of long standing that have been found desirable for the action for defamation should not be successfully evaded by proceeding upon a different theory of later origin." Id. at cmt. e. Swan echoed the concern that assigning a longer limitations period to false light claims could essentially enable "the false light tort . . . [to] 'swallow[] up and engulf[] the whole law of defamation.'" 407 N.J. Super. at 122 (quoting Eastwood v. Cascade Broad. Co., 722 P.2d 1295, 1297 (Wash. 1986) (quoting, in turn, Prosser on Torts § 117 at 813 (4th ed. 1971))).

Allowing false light to engulf the intentionally limited one-year statute of limitations in N.J.S.A. 2A:14-3 would also run counter to the express legislative policy that "gives speech the protection it needs from vexatious and financially ruinous lawsuits that might stifle and inhibit the expression of ideas that inform and enlighten the public." See Petro-Lubricant Testing Labs., Inc. v. Adelman, 233 N.J. 236, 251 (2018). In Durando v. Nutley Sun, this Court expressed concern over the potential chilling effects on the First Amendment that can arise from defamation claims:

> A free and robust press, one that does not engage in self-censorship from fear of ruinous lawsuits, is essential to an enlightened democracy. Our jurisprudence recognizes that the free and unimpaired flow of information on matters of public concern necessarily leads to some erroneous reporting due to

17

human error. In those circumstances, freedom of speech and the press are values that outweigh the right to security in one's personal reputation.

[209 N.J. 235, 239 (2012).]

Accordingly, we expanded free speech protections under state law "beyond the mandate of federal law" when we found it necessary to do so. Id. at 250 (quotation omitted). In Durando, we explained that those same concerns are also present in a false light action. Id. at 249. As one commentator has noted, a "serious problem arises . . . from the very nature of the [false light] tort as one going beyond defamation. This problem threatens the [defamation] tort's very existence . . . thereby increasing the chill on free expression." Harvey L. Zuckman, Invasion of Privacy -- Some Communicative Torts Whose Time Has Gone, 47 Wash. & Lee L. Rev. 253, 257 (1990).

The overlap between the causes of action, in conjunction with the practical considerations and free speech protections, mandates that false light be subject to the same one-year statute of limitations as defamation.

C.

Consistent with our holding, the majority of jurisdictions that recognize the false light tort have determined that the statute of limitations for defamation applies to false light claims. See Rumbauskas, 138 N.J. at 183

18

("Regarding actions for public disclosure of private facts or placing one in a false light, case law in other jurisdictions indicates that such actions are subject to the limitations period for defamation claims, which is one year in New Jersey."); see also, e.g., Weidman v. Hildebrandt, 254 N.E.3d 2, 11 (Ohio 2024); Jensen v. Sawyers, 130 P.3d 325, 336 (Utah 2005); Cullen v. Auclair, 809 A.2d 1107, 1112 (R.I. 2002); West v. Media Gen. Convergence, Inc., 53 S.W.3d 640, 648 (Tenn. 2001); Eastwood, 722 P.2d at 1299; see also Gashgai v. Leibowitz, 703 F.2d 10, 13 (1st Cir. 1983) (finding "no logical reason for" applying a different statute of limitations to false light claims than to defamation claims under Maine law); Bargo v. Goodwill Indus. of Ky., Inc., 969 F. Supp. 2d 819, 829 (E.D. Ky. 2013) (applying Kentucky law); Roberts v. McAfee, Inc., 660 F.3d 1156, 1166 (9th Cir. 2011) (applying California law); Poulos v. Lutheran Soc. Servs. of Ill., Inc., 728 N.E.2d 547, 559 (Ill. Ct. App. 2000) (applying the Illinois statute of limitations for "[a]ctions for slander, libel or for publication of matter violating the right of privacy," to a false light claim).

Likewise, courts in other jurisdictions also have noted the jurisprudential significance inherent in prevailing out-of-state cases equating the two torts for statute-of-limitations purposes. See, e.g., Fellows v. Nat'l Enquirer, Inc., 721 P.2d 97, 104 (Cal. 1986) ("The overwhelming majority of decisions in other

19

jurisdictions enforce defamation restrictions in actions for false light invasion of privacy when such actions are based on a defamatory publication.").

As we do today, this prevailing view relies on the similarities in the nature of the conduct and injury between false light and defamation to justify applying the same statute of limitations to both torts. See Weidman, 254 N.E.3d at 11 ("because the alleged conduct underlying the [intentional infliction of emotional distress] claim and the false-light-invasion-of-privacy claim is virtually identical to the alleged conduct underlying the defamation claim, the applicable statute of limitations" is the same); see also Gashgai, 703 F.2d at 12-13 (because the "plaintiff's injury" in a false light action "in many respects closely parallel[s that] which would normally be found in a defamation action," false light is "most analogous" to defamation and the statute of limitations for defamation controls (internal quotation marks omitted)).

Similarly, other courts have explained that applying a different statute of limitations to false light claims and defamation claims would risk the false light tort engulfing defamation, thereby producing a chilling effect on First Amendment rights. See Cullen, 809 A.2d at 1112 (applying the same statute of limitations to both claims because "[t]o allow otherwise would give plaintiff the undesirable option of evading the limitations of a successful defamation

action by using the alternate theory of a false-light claim" and "would inhibit the free expression of beliefs, which is a notion that is reprehensible to a free society such as ours"); Jensen, 130 P.3d at 336-37 (equating the two statutes of limitations because "[a] shorter defamation period reflects the importance placed on freedom of speech by restricting the time those making statements are exposed to legal challenges, thereby reducing the chilling effect on speech that may accompany the prospect of defending statements well beyond their shelf lives").

## V.

We agree with Swan that "[n]either law nor logic justifies" a different statute of limitations for false light and defamation claims. 407 N.J. Super. at 122. We therefore affirm the judgment of the Appellate Division and uphold Swan as having correctly decided that the statute of limitations for false light claims is one year.


CHIEF JUSTICE RABNER and JUSTICES PATTERSON, PIERRE-LOUIS, WAINER APTER, FASCIALE, and NORIEGA join in JUSTICE HOFFMAN's opinion.

21